MISSOURI PACIFIC RAILWAY COMPANY V. JAMES SHUFORD.

No. 2555.

1. **Call of Cases upon Jury Docket.**—The statutes now in force recognize the power of the court to require a cause to be tried out of its order upon the jury docket without reference to the consent of the parties. The exercise of this power may be revised on appeal, but it is incumbent on the party seeking a revision of the action of the court in this respect to show that he was injured by the ruling.

2. **Continuance—Diligence.**—It was not error to overrule a first application for continuance only stating as diligence that a commission had been obtained to take the testimony of the absent witnesses and sent to the general attorneys of the railroad company, the applicant, and not stating the time necessary to obtain the testimony.

3. **Gross Negligence—Exemplary Damages.**—Gross negligence, to be the ground for exemplary damages, should be that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the person or persons to be affected thereby. It was error therefore for the court to define gross negligence as a total want of ordinary care.

4. **Connection between the Neglect and Injury.**—It is clear that no individual can become entitled to recover damages, actual or exemplary, from a railway company for any act or omission unless from it he receives injury. It was therefore error to charge the jury that "if they believed from the evidence that the railroad was out of repair and so had been for a long time, if this was known or ought to have been known to the railway company, even though they may have believed that the road at the place where the injury occurred was only slightly defective." The charge is erroneous in not specifying the extent to which the road must have been out of repair to authorize exemplary damages.

5. **Same.**—The charge was erroneous in that it authorized exemplary damages on account of the general bad condition of the road without reference to whether the injury resulted therefrom.

6. **Damages.**—See facts where a verdict for $4000 actual damages was sustained.

APPEAL from Smith. Tried below before Hon. Felix J. McCord. The opinion gives the facts.

*J. R. Burnet*, for appellant. —1. The case was called and tried out of its place on the docket. Rev. Stats., arts. 1827 and 3070; Kirkland v. Sullivan, 43 Texas, 233.

2. Under the circumstances the court should have continued the cause or at least postponed the trial till the other cause was disposed of or until the depositions were returned.

3. Gross negligence is not "a total want of ordinary care," as erroneously charged, but "an entire failure to exercise care or the exercise of so slight a degree of care as to justify the belief that there was an indifference to the interests and welfare of others," and the charge was clearly misleading and not warranted by the evidence Ry. Co. v. Cocke, 64 Texas, 156; Ry. Co. v. Cowser, 57 Texas, 306; Cotton Press Co. v. Bradley, 52 Texas, 588; Willis v. McNeill, 57 Texas, 479, 480; R. R. Co. v. Arms, 91 U. S., 489; 1 Shear. & Red. on Neg., sec. 49; 2 Id., sec. 748.

4. The charge was erroneous in that it authorized a recovery of exemplary damages for general negligence and for the condition of the road at other localities than where the accident occurred, whereas the recovery of damages should have been confined to the negligence, if any, that caused the injuries or contributed thereto. R. R. Co. v. Fox, 11 Bush, 495; Reed v. R. R. Co., 45 N. Y., 574; Parker v. Portland Pub. Co., 69 Me., 174; Ry. Co. v. Huntly, 38 Mich., 537; Morse v. R. R. Co., 16 N. W. Rep., 358 (30 Minn., 365).

5. While the evidence is conceded to be sufficient to sustain a verdict for actual damages, it is insufficient to support the verdict for exemplary damages, there being no evidence of gross negligence or of any willful or wanton conduct on the part of appellant that caused or contributed to the injuries complained of, and the court should have granted a new trial. Peoria Bridge Co. v. Loomis, 20 Ill., 235; Wardrobe v. Stage Co., 7 Cal., 119; R. R. Co. v. Shanks, 94 Ind., 598; R. R. Co. v. Cutter, 19 Kan., 94.

6. The verdict is excessive in amount and must have been the result of passion or prejudice; first, because the evidence showed that plaintiff's injuries were slight and not permanent or serious; and, second, because the exemplary damages awarded were excessive and unreasonable and out of all proportion to the actual damages and injuries sustained. 2 Shear. & Red. on Neg., sec. 743; Strohm v. R. R. Co., 96 N. Y., 305; R. R. Co. v. Cosby, 107 Ind., 32; Clark v. Nevada Land Co., 6 Nev., 203.

*H. Chilton*, for appellee. — 1.   The court correctly called the case "in the order in which it stood on the docket."   Rev. Stats., art. 1287; Price v. Lauve, 49 Texas, 74.

2.   The application for continuance showed no diligence and failed to state facts expected to be proved by witnesses.   Ry. v. Hardin, 62 Texas, 369; Byne v. Jackson, 25 Texas, 96; McMahan v. Busby, 29 Texas, 194.

3.   It was not reversible error to give an inaccurate definition of "gross negligence" when the state of facts authorizing exemplary damages was correctly stated in the charge.   The lack of exactness in the charge now complained of was not pointed out in the court below by exception nor special instruction and does not constitute reversible error. T. & P. Ry. v. Casey, 52 Texas, 112; Galveston Oil Co. v. Malin, 60 Texas, 648; T. & P. Ry. v. O'Donnell, 58 Texas, 42; Ford v. McBryde, 45 Texas, 501; State v. Bender, 68 Texas, 678.

4.   The supposed error in the charge could not have affected the verdict, and hence is no ground for reversal.   G. H. & S. A. Ry. v. Delahunty, 53 Texas, 210; Nave v. Britton, 61 Texas, 575.

5.   The testimony authorized a verdict for exemplary damages.   Brooke v. Clark, 57 Texas, 112; T. & P. Ry. v. De Milley, 60 Texas, 197; Hutch. on Carriers, sec. 811; 2 Wood on Rys., 1242; 2 Wait's Act. and Def., 446–448; Caldwell v. Steamboat Co., 47 N. Y., 282.

6.   The verdict for actual damages not excessive.   2 Lacy's Digest, 247; Ry. v. Stewart, 57 Texas, 166.

STAYTON, CHIEF JUSTICE.—This is an action by appellee to recover damages for an injury alleged to have been inflicted upon him while a passenger on appellant's train.   He alleged that the injury was caused by the failure of appellant to keep its road in good order, and sought to recover damages, actual and exemplary.

The cause was tried by a jury, who returned a verdict in favor of appellee for $4000 as actual damages and for $8000 as exemplary damages, on which judgment was entered.   This and another, both being appearance cases, on proper application were placed on the jury docket.   The other case, however, preceded this on the general docket, having been first filed and both properly numbered in their order, but when placed on the jury trial docket this case was placed first, the proper numbers of the cases, however, being preserved.

When this case was called appellant insisted that the other case should be first tried, but the court ruled that causes should be tried in the order in which they stood on the jury docket.

The statute provides that "all suits in which final judgments shall not have been rendered by default, as hereinbefore provided, shall be called for trial in the order in which they stand on the docket to which they belong, unless otherwise ordered by the court."   Rev. Stats., art. 1287.

The statute contemplates that cases shall be docketed and numbered in the order in which the petitions are filed.   Rev. Stats., arts. 1181–1183.

In making up the jury civil docket the same order should be observed as on the general docket, and the provisions of article 1287 should be complied with in the disposition of cases on that docket, unless for good cause shown the court should otherwise direct.   Rev. Stats., art. 3070.

If, through inadvertence, the clerk shall not place cases on the jury docket in their proper order, then in calling cases for trial they should be called in their proper order as determined by number.

In Kirkland v. Sullivan, 43 Texas, 233, it was held reversible error to call and force a party to try a cause out of its order, but the statute in force when that case was tried is unlike that now in force, in that it required all cases to be tried in their order, "unless otherwise ordered by the court, *with the consent of the parties or their attorneys.*"

The statute now in force recognizes the power of the court to require a cause to be tried out of its order, without reference to the consent of parties.   The exercise of this power may be revised by this court, but it is incumbent on the party seeking a revision of the action of the court in this respect to show that he was injured by the ruling.   Allyn v. Willis, 65 Texas, 70.

The bill of exceptions filed does not show that appellant suffered any injury by the ruling complained of, nor that it was not as well prepared to try the case as it would have been if it had not been tried until the one preceding it had been disposed of.

This action was brought on January 21, 1888, and was called for trial on February 23 following.   When called an application for continuance was made for the want of the testimony of two witnesses resident in counties other than that in which the cause was pending.   Service on defendant was had on same day suit was filed.   Interrogatories to take the depositions of these witnesses were not filed until February 15; commissions to take their depositions were issued on the 22d, and then were sent to the general attorneys of appellant at Houston, Texas, in order that they might have the depositions of the witnesses residing in Bowie and Anderson counties taken.   This was not the exercise of that diligence required by the law.   There was no application to postpone the hearing of the cause until a later day of the term, nor does it appear that the evidence would have been obtained in time for the trial had it not been tried out of its order.

It is conceded that facts existed which entitled appellee to recover actual damages, but the sufficiency of the evidence to authorize the allowance of exemplary damages is questioned and there is ground for controversy upon that point.

The accident occurred about two miles from Troupe on appellant's

road between that place and Mineola. The distance between these places is forty-four miles.

The immediate cause of the accident through which appellee was injured was shown to be a broken rail, but the evidence as to whether the break occurred at the time of the accident or had existed for some time before was conflicting.

There was much evidence tending to show that appellant's road at points other than that at which the accident occurred had been in very bad condition for a long time prior to the accident, and on the trial the court gave the following charge:

"7. The plaintiff also prays for exemplary damages, and alleges that the accident was caused by the gross negligence of defendant in allowing its road to get out of repair and allowing same to so remain for a long period of time before the accident, and that the company knew of such condition and failed to remedy such defects. 8. What is meant by 'gross negligence' is a total want of ordinary care, and ordinary care is that degree of care that a person would use under like circumstances. 9. So that if you find that defendant's railroad was out of repair, and had been for a long period of time previous to the accident, and the defendant company knew of such condition and failed to remedy it, or if the general bad condition of the road was so notorious that defendant by the exercise of ordinary care should have known of its bad condition and failed to remedy it, then you would be authorized to consider the question of exemplary damages."

The court had instructed the jury that "the evidence offered by plaintiff as to the general bad condition of the road can not be considered in determining actual damages, but will apply, if at all, to the question of exemplary damages."

The giving of the general charges above quoted is assigned as error. From the charges the jury must evidently have understood the court to inform them that they might award exemplary damages if appellant was guilty of gross negligence as defined in the charge.

While doubting the practical utility of attempting to define the different degrees of negligence recognized in the books when the question is as to the liability at all of the person sought to be charged for an injury caused by his failure to use that care which his duty at the time and under the circumstances required, yet when it becomes necessary to define the degree of negligence requisite to authorize the recovery of other than actual damages then such definitions should be correctly given. In the charges complained of was this done?

The court did not attempt to define "gross negligence" otherwise than by declaring it be a total want of ordinary care, and its definition of "ordinary care" was faulty. Ordinary care is said to be that degree of care which ordinarily prudent persons would use to prevent injury under the

circumstances of a given case. If the care used by appellant did not amount to ordinary care, then there was a total want of that degree of care. There can be no partial exercise of "ordinary care." It exists as a degree in completeness or it is totally wanting in any given case. While in a given case "ordinary care" may not exist, yet there may exist, at least, slight care.

Gross negligence, to be the ground for exemplary damages, should be that *entire want of care* which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the person or persons to be affected by it. Cotton Press v. Bradley, 52 Texas, 600.

The jury under the charge were authorized to conclude that appellant was guilty of gross negligence and therefore liable for exemplary damages, even if they believed from the evidence that appellant had exercised a degree of care but slightly less than persons generally would have used under the same circumstances. A charge that tended to leave such an impression on the jury was erroneous.

While the charge correctly informed the jury that the appellee alleged that his injury was caused by the gross negligence of appellant, when it came to inform them on account of what facts they would award exemplary damages it failed to inform them that the act or omission from which the injury resulted must have been one that fixed gross negligence on appellant. It is too clear that no individual can become entitled to recover damages, actual or exemplary, from a railway company for any act or omission, however negligent or reprehensible, unless from it he receives injury.

The Legislature might give a *qui tam* action, or it might make the act or omission a crime and punish it as such, but unless from it injury results to the person complaining he has no ground for a strictly civil action.

The charge given authorized the jury to impose exemplary damages on appellant if they believed from the evidence that the railroad was out of repair and so had been for a long time, if this was known or ought to have been known to appellant, even though they may have believed that the road at the place where the injury occurred was only slightly defective, for the charge did not specify the extent to which the road must have been out of repair to authorize exemplary damages.

The charge, however, is subject to the broader objection that it authorized exemplary damages on account of the general bad condition of the road, without reference to whether appellee's injury resulted therefrom; and the charge which informed the jury that the general bad condition of the road might be considered on the matter of exemplary damages, not placing any limit on its application nor informing them for what particular purpose they might look to such evidence, tended in the same direction.

It is urged that the verdict for actual damages is excessive. The evidence tends to show that appellee, in addition to hurts received that were painful but only temporary in character, received a spinal injury, from which it is likely he will never recover. We can not hold the actual damages awarded excessive.

In view of what has been said it is not necessary to discuss the other assignments of error.

For the errors noticed the judgment will be reversed and the cause remanded, unless appellee shall file remititur of sum adjudged to him as exemplary damages, in which event the judgment for actual damages will be affirmed.

*Affirmed.*

Opinion November 30, 1888.

Note.—The exemplary damages were remitted and the judgment below was affirmed for actual damages.