TWEED v. WESTERN UNION TELEGRAPH CO. (No. 2329.)

(Supreme Court of Texas. May 13, 1914.)

1. EVIDENCE (§ 132*) — SIMILAR MATTERS — RELEVANCY.

In an action for injuries claimed to have affected plaintiff's mind, evidence as to the ability of patients in an insane asylum to care for themselves, play billiards, keep up with the current literature of the day, and do the work of the institution, was irrelevant and should have been excluded, as it furnished no guide for determining plaintiff's mental capacity.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 132;* Insane Persons, Cent. Dig. § 7.]

2. EVIDENCE (§ 545*)—OPINION EVIDENCE—COMPETENCY — COMPETENCY OF EXPERTS — EVIDENCE OF COMPETENCY.

Where a witness' capacity as an expert regarding insanity had not been attacked, evidence to prove him capable was irrelevant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2360–2362; Dec. Dig. § 545.*]

3. EVIDENCE (§ 481*) — ADMISSIBILITY—CONCLUSION OF WITNESS.

In a telegraph lineman's action for injuries, the testimony of a witness that there was no danger for a lineman to go upon a pole and use a safety belt after he had heard the foreman say that it was all right, or, as he doubtless intended to testify, that such statement would satisfy the lineman that there was no danger, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2248–2254; Dec. Dig. § 481.*]

4. DAMAGES (§ 163*) — EVIDENCE — PRESUMPTIONS—MENTAL SUFFERING.

Mental suffering from personal injuries will be presumed in the case of an insane person, as well as a sane person, until such abnormal mental condition as prevents the party from experiencing mental suffering is proved.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 454–459; Dec. Dig. § 163.*]

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by E. A. Tweed against the Western Union Telegraph Company. A judgment for plaintiff was reversed by the Court of Civil Appeals (138 S. W. 1155), and plaintiff brings error. Judgment of the Court of Civil Appeals affirmed, and case remanded.

Carden, Starling, Carden & Hemphill, of Dallas, and T. M. Campbell, of Palestine, for plaintiff in error. N. L. Lindsley and W. J. J. Smith, both of Dallas, for defendant in error.

BROWN, C. J. The application was granted because the judgment of the honorable Court of Civil Appeals, in reversing the judgment and remanding the case, "practically settled the case." We conclude that, if the trial court should follow the law as declared in the opinion, it would result in a judgment against the plaintiff in error. The facts are not definitely in favor of either party as to authorize this court to enter judgment; therefore we affirm the judgment of the Court of Civil Appeals, and remand the case.

We make this statement of the facts: The plaintiff, Tweed, was in the employ of the telegraph company, and was seriously injured by the falling of a pole on which he was at work. It was charged that the pole was unsound, and the company negligent in furnishing it, therefore liable for the injury caused by the falling of the pole. The company defended upon the ground of the contributory negligence of the plaintiff in the manner of using the pole, and also because plaintiff assumed the risk of using the defective pole. The law upon each of those issues is so well settled that we cannot give

aid to the court in another trial by discussing those rules. We conclude that the most effective aid we can render to the district court at another trial will be to review those issues of law which will probably arise again.

[1] The first error pointed out by the honorable Court of Civil Appeals which we will notice was permitting Dr. Rosser to testify, over defendant's objection, as follows: "Well, just roughly, I would say that out of 1,000 patients (meaning at the Terrell Insane Asylum) not over 25 or 30 of them would not be able to take care of a call of nature. The balance of them would be able to do it, and that proportion of them who are able to do it go out on their daily walks with one attendant to take care of 50 of them at a time. Many of them spend their time in the reading ward and playing billiards; many of them are expert billiard players. Probably 100 out of 1,000 keep up with the current literature of the day." And in allowing said witness in the same connection to testify: "A great majority of the farming is done by the patients (meaning the patients at the Terrell Insane Asylum). The laundry and dairy are taken care of by the patients; they milk the cows and take care of the cows and of the milk; do the planting with an overseer. These are regular patients down there in the asylum. The trouble with them is they have either lowered their intelligence or are twisted on certain points." So far as we can see from the opinion, the evidence was irrelevant, and should have been excluded. It furnished to the jury no guide for determining the mental capacity of plaintiff.

[2] There seems to have been no attack upon Dr. Rosser's capacity as an expert in regard to insanity, and there was no reason for admitting evidence to prove him capable. It was irrelevant, because there was no issue to which it could apply. I. & G. N. Ry. Co. v. Lane (Civ. App.) 127 S. W. 1067; Rogers on Expert Evidence, p. 85. No comment is necessary or could elucidate the question.

[3] It appeared from the court's opinion that a witness was permitted, over defendant's objection, to testify "that there is no danger for a lineman to go up on a pole and use a safety belt on construction work after he has heard the foreman say it is all right." There could be no doubt of the impropriety of such evidence, and its character excited in the mind of the writer doubt of the correctness of the statement in the record. Doubtless the witness testified or intended to testify that such statement would satisfy the servant that there was no danger. In either phase it was not admissible.

[4] The honorable Court of Civil Appeals quotes from T. & P. R. R. Co. v. Curry, 64 Tex. 85, as follows: "The rule regulating pleading in this class of cases is thus stated: 'The general allegation of damages will suffice to let in proof and to warrant recovery of all such damages as naturally and necessarily result from the wrongful act complained of; the law implies such damages— that is, damages of that sort—and proof only is necessary to show the extent and amount.' * * * The rule, however, is satisfied when from the facts stated the law infers other fact or facts; for whatsoever the law infers from a given state of facts the adverse party is presumed to know, and must take notice of, whether it is specially pleaded or not. The law infers. when such injuries to the person are shown to have existed as are alleged and proved in this case, that physical pain resulted therefrom; for by common observation we know that in the ordinary operation of natural laws pain is a necessary result of such injuries, unless the condition of the injured person be abnormal, which will not be presumed. This is equally true as to mental suffering; for it is contrary to common experience and the laws of man's existence and nature that any sane, healthy, and robust person by physical injuries may be made a cripple for life in a matter affecting his health, comfort, or capacity, without mental pain resulting from the changed condition."

The Court of Civil Appeals concludes that from the use of the word "sane" the Supreme Court meant to hold that in case of physical injury to an insane person there could not be *mental* suffering. This is not a sound construction of the language of the opinion. The court distinctly applied the same rule to mental as to physical suffering; each would be presumed from the injury, and no doubt physical pain in such cases would be suggested. Such abnormal mental condition as would prevent the presumption of mental suffering would be a matter of defense, which must be proved and submitted as a fact.

There is no principle of law which would authorize this court to say that one afflicted with melancholia could not experience mental anguish or any of the emotions which constitute mental suffering. The question of damages for physical pain and mental suffering is for the jury, and we know of no rule of law which would deny either, unless the defendant should prove such condition as would authorize the jury to say that such presumed result did not arise from the physical injury. Surely no court has a right to say that any character of insanity prevents a party from experiencing mental suffering, when such persons manifest an appreciation of physical pain.

The cause is remanded to the district court.