LILLIAN E. BOWMAN V. LEE ROSS PUCKETT.

No. A-515. Decided June 27, 1945.
Rehearing overruled July 21, 1945.
(188 S. W. (2d Series, 571.)

*S. N. McWhorter,* of Weslaco, and *Davenport & Ransome* and *Harbert Davenport,* all of Brownsville, for petitioner.

The Court of Civil Appeals erred as a matter of law, in concluding that respondent's conduct which resulted in the death of petitioner's husband, did not constitute gross negligence of a peculiarly flagrant and heedless kind. Carvel v. Kusel, 205 S. W.

941; Moss v. Koetter, 249 S. W. 259; Horne Motors v. Latimer, 148 S. W. (2d) 1000.

*Strickland, Ewers & Wilkins, J. E. Wilkins* and *Magus F. Smith,* all of Mission, and *Boone, Henderson, Boone & Davis,* of Corpus Christi, for respondents.

The evidence showed only ordinary negligence which was insufficient to warrant a recovery, where the deceased was a guest in respondent's car at the time of the accident which resulted in his death. Thompson v. Ft. Worth & R. G. Ry. Co., 97 Texas 590, 80 S. W. 990; Jenney v. Jackson. 46 S. W. (2d) 418; Bennett v. Howard, 170 S. W. (2d) 709.

MR. JUDGE SMEDLEY, of the Commission of Appeals, delivered the opinion for the Court.

The suit is by petitioner, Mrs. Bowman, for herself and her minor daughter, against respondent Puckett, to recover damages caused by the death of her husband, who was killed while traveling as a guest, without pay, in an automobile owned by Puckett and operated by him on a public highway. The petition alleged, and the trial court found, that petitioner's husband was being transported as a nonpaying guest by respondent, that he died as the result of injuries suffered by him when the automobile crashed into a palm tree in the City of Weslaco, that under the circumstances which existed at the time of the accident respondent was driving the automobile at a speed which amounted to a heedless and reckless disregard of the rights of others, including the deceased, and that the heedless and reckless disregard of the rights of others on the part of Puckett amounted to gross negligence, which was the proximate cause of the death of petitioner's husband. Thus the case was brought within the provisions of Chapter 225, Acts Regular Session of the 42nd Legislature, (pp. 379-380), known as the guest statute, Article 6701b, Vernon's Annotated Civil Statutes. Judgment was rendered in favor of petitioner for $1639.50 and in favor of her minor child for $860.50.

Both parties excepted to the trial court's judgment, but only petitioner, plaintiff in the trial court, perfected an appeal by filing an appeal bond. However, respondent, defendant in the trial court, filed cross assignments of error in the Court of Civil Appeals, contending that there is no evidence to support the trial court's finding of gross negligence and that the finding is against the great weight and preponderance of the evidence. The Court of Civil Appeals sustained respondent's contention of no

evidence, reversed the trial court's judgment, and rendered judgment that petitioner take nothing. 185 S. W. (2d) 228.

■ The first point in the application for writ of error is that actions authorized by Articles 4670-4675 of the Revised Civil Statutes, which is the general statute permitting recovery of damages for injuries resulting in death, "are not precluded" by the automobile guest statute. The contention seems to be that petitioner acquired her right to sue from and under Articles 4670-4675, which authorizes the beneficiaries named therein to recover damages for injuries resulting in death when the injuries are caused by ordinary negligence, as well as when they are caused by willful act, or omission, or gross negligence, and that the language of the guest statute limits only the rights of persons transported and not the rights of those who are authorized by the prior statute, Articles 4670-4675, to sue.

This is, in our opinion, too literal a construction of the language of the guest statute, which expressly makes reference to causes of action for damages for death as well as to causes of action for damages for injuries which do not result in death. This statute and the general statute authorizing suits for damages for injuries resulting in death should be construed together, and the terms of the guest statute which preclude recovery for ordinary negligence should be applied to the beneficiary's suit when the guest's injuries have resulted in death as well as to the guest's suit for damages for his injuries. This is the construction that, in effect, has been given the two statutes, although we have found no case in which the very question presented by petitioner has been discussed. Campbell v. Paschall, 132 Texas 226, 121 S. W. (2d) 593; Paschall v. Gulf C. & S. F. Ry. Co., 100 S. W. (2d) 183.

■ Under another point in the application for the writ, the position is taken that the construction placed upon the guest statute by the Court of Civil Appeals deprives the petitioner of rights guaranteed by Section 26, Article XVI, of the Constitution of Texas. That section provides that every person, corporation or company that may commit a homicide, through willful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, etc. The trial court's findings of fact and the opinion of the Court of Civil Appeals show that both courts, in harmony with prior decisions, gave to the words "heedlessness or his reckless disregard of the rights of others" used in the guest statute the same meaning as the term gross negligence,

and thus recognized the right of the beneficiary of the deceased guest to recover for gross negligence. This construction of the guest statute brings it into accord with Section 26 of Article XVI of the Constitution. See Rowan v. Allen, 134 Texas 215, 134 S. W. (2d) 1022; Campbell v. Paschall, 132 Texas 226, 121 S. W. (2d) 593; Paschall v. Gulf C. & S. F. Ry. Co., 100 S. W. (2d) 183; Raub v. Rowe, 119 S. W. (2d) 190, application for writ of error refused; Texas Pac. Coal & Oil Co. v. Robertson, 125 Texas 4, 79 S. W. (2d) 830, 98 A. L. R. 262. The Court of Civil Appeals correctly construed the guest statute, but in our opinion erroneously concluded that there is no evidence to support the trial court's finding of gross negligence on the part of respondent in the operation of the automobile.

The accident occurred between 12:30 and 1:30 p. m. on one of the principal streets, being also state highway No. 281, of the City of Weslaco, an incorporated city having a population of approximately 6,000. Pierce Albert Bowman was traveling as the guest of respondent Puckett in a six cylinder Packard automobile owned and operated by respondent. Puckett and Bowman were returning from McAllen to Mercedes, driving over the state highway, which is a heavily traveled three-lane highway running from west to east through McAllen, Donna, Weslaco, Mercedes and on to Brownsville. Before it reached the limits of the city of Weslaco the automobile was traveling at a rate of 75 to 80 miles an hour, and the speed was not decreased when the city was entered. The automobile continued to travel at the same high rate of speed until it was about five blocks, or from one-fourth to one-half a mile, within the city and east of the city's western boundary, when the brakes were applied, reducing the speed to 40 or 50 miles an hour. The witnesses estimated the speed of the automobile, before the brakes were applied, at from 75 to 90 miles an hour. Respondent was present at the trial but did not testify. There is testimony that he said a short time after the accident that he might have been traveling 75 miles an hour or "might have had it wide open." A mechanic testified that the automobile would "do better than 80 miles an hour." The application of the brakes caused the car to skid and swerve. It first swerved close to the curb on the south side of the street and then curved across the street and, turning abruptly toward the north, went over the curb and was wrecked and caught fire when it struck a large palm tree. The two occupants of the automobile were thrown from it, an ambulance was called and they were taken to a hospital at Mercedes, where Bowman died.

The automobile was described by witnesses as a total wreck. The top was crushed and the body was bent into the shape of a rocking chair, so that neither the front nor the rear wheels would touch the ground. A mechanic who, immediately after the accident, examined the skid marks on the street, following them about three hundred feet, testified that they were caused by the application of the brakes and expressed the opinion, deduced from the marks and from the way in which the car went first to one side of the street and then to the other, that the traction on the brakes was unequal or that the brakes were acting incorrectly.

The automobile was wrecked near a gasoline service station and a short distance west of a hotel, both on the highway. This place is about a block and a half west of the intersection of the state highway and Texas Boulevard, where there is a traffic light. Texas Boulevard is the principal north and south street or highway through Weslaco and carries heavy traffic. From the western limits of the city to the place where the accident occurred the city is well improved along the south side of the state highway, there being residences, tourist parks, cafes, gasoline service stations, a tire store, etc. On the two corners about a half block east of the place of the accident are a hotel and another gasoline service station. A railroad runs along the north side of the highway. While there was little traffic on the highway through the city when the wreck occurred, there is ordinarily much traffic there both in the day and at night.

Petitioner Mrs. Bowman testified that as she was passing a bed or cot on which respondent was lying in the hospital when she was going to see her husband, respondent asked her to stop and told her how sorry he was that the accident had happened, that it was caused by his going too fast and that it was all his fault. When she asked him how it happened, he told her that about a block west of the traffic light he had seen another car at some distance, that when he stepped on his brakes they grabbed and the automobile went to one side of the highway, and when he applied the brakes again they grabbed again and threw the car completely out of control. She further testified that about ten days later she asked respondent whether he knew that his brakes were defective and he said that "they had grabbed once previous to that time, once during the summer," and he said further that "about two days previous" he had warned his wife not to speed because the brakes might grab.

Two disinterested witnesses testified that respondent told

them after the accident that the brakes on his automobile had been grabbing or hanging. One of them testified that he said that when the accident occurred he was coming back from McAllen and was going fast because he wanted to get back to Mercedes by noon.

■ The foregoing is the substance of the evidence offered by petitioner. Respondent did not testify and offered no evidence. The question is whether there is any evidence supporting the trial court's finding that, under the circumstances existing at the time of the accident and immediately prior thereto, respondent was driving his automobile at a speed which amounted to a heedless and reckless disregard of the rights of others, including the deceased. It is our opinion that the facts in evidence, including the speed greatly in excess of that permitted by the statute, the place, a heavily traveled highway and an important residence and business street of a city having a population of more than 6,000, the condition of the automobile, that is, the defective brakes, and respondent's knowledge of that condition, tend strongly to prove that respondent was acting in a heedless and reckless disregard of the rights of others, or, stated in the language of the approved definition of gross negligence, that his act in driving at that rate of speed, under the circumstances, was the result of a conscious indifference to the rights or welfare of the person or persons to be affected by it. Missouri Pacific Ry. Co. v. Shuford, 72 Texas 165, 10 S. W. 408.

■ Whether the act of respondent was of that character is determined by inference from what respondent did and the physical facts that existed at the time and that contributed to the accident. Scott v. Gardner, 137 Texas 628, 636, 156 S. W. (2d) 513, 141 A. L. R. 50; Murves v. Buckley, 70 S. W. (2d) 605; Frazer v. Brannigan, 228 Ia. 572, 293 N. W. 50; Bushnell v. Bushnell, 103 Conn. 583, 131 Atl. 432, 44 A. L. R. 785. We believe that the inference drawn by the trial court from the evidence in the record as to those facts is, at least, a reasonable inference.

■ The "conscious indifference" included in the definition of gross negligence is indifference "to the rights or welfare of the person or persons to be affected by it (the act or omission)." Missouri Pacific Ry. Co. v. Shuford, 72 Texas 165, 10 S. W. 408; Texas Pacific Coal & Oil Co. v. Robertson, 125 Texas 4, 79 S. W. (2d) 830, 98 A. L. R. 262. The persons who would or might be affected by respondent's reckless driving were not only the occupants of his automobile but also persons who might be

traveling on the street or highway or who might enter upon it. The probability of danger to all such persons "must be considered in determining whether negligence exists, as well as the grade." International & Great Northern R. Co. v. Cocke, 64 Texas 151, 157.

The evidence tends to prove that respondent Puckett knew of the probability of danger both to himself and his guest and to persons who might be upon or enter upon the street and that his indifference to that danger and to the welfare of such others was conscious indifference. He was intent upon reaching his home in Mercedes quickly and for that reason was driving, as he admitted, too rapidly. The maximum speed permitted by law in the city was thirty miles per hour. Texas Penal Code, Art. 827a, Sec. 8, as amended by Acts Regular Session, 47th Legislature, Chapter 506. He was driving almost three times that fast. He knew he was in the city, for he had driven five blocks or from one-fourth to one-half mile within its limits and had passed residences and business houses along the street before he saw an automobile approaching at a considerable distance and applied his brakes. He must have known of the probability of automobiles and pedestrians traveling upon or crossing the street. He knew that his brakes would or might grab and he understood the danger of fast driving with brakes in that condition, for he had warned his wife of the danger.

The opinion of the Court of Civil Appeals cites Rowan v. Allen, 134 Texas 215, 134 S. W. (2d) 1022, and several decisions of courts of civil appeals in support of its conclusion that the evidence failed to show conduct on the part of respondent amounting to a heedless and reckless disregard of the rights of others. The evidence in that case is very different from the evidence in this case. In that case the defendant's automobile, traveling west on a street in the city of San Antonio at a rate of 45 to 50 miles an hour (the speed was 75 to 90 in the instant case) collided with another automobile going east. There were no other vehicles, either parked or passing, in the vicinity at the time. The acts relied upon to disclose reckless disregard of the rights of others were the speed and driving too far to the left. There was no evidence that the brakes were defective. The plaintiff, the guest, testified that the defendant had not been making the speed of 45 or 50 miles an hour, that "he had just shortly speed up his car." The driver of the other automobile testified that immediately before the collision she had turned her car slightly to the left. The court held that no facts or circumstances were shown that would justify the inference of gross negligence.

We have examined all of the authorities cited in the opinion of the Court of Civil Appeals and in respondent's brief, and find in none of them a state of facts fairly comparable to the facts of the instant case. The substance of the rulings in many of the cases upon which respondent relies is thus clearly stated by Associate Justice Blair in Linn v. Nored, 133 S. W. (2d) 234, 238:

"The cases have construed our guest statute with regard to the liability of the host for operating his automobile at high and excessive rate of speed, and have held that the mere fact that an automobile was operated at a high and excessive rate of speed only raised the issue of ordinary negligence. Crosby v. Strain, Tex. Civ. App., 99 S. W. (2d) 659. They have also held that thoughtlessness, inadvertence, or error in judgment did not constitute heedless nor reckless disregard of the rights of others within the meaning of the statute; and there must be something of a continued or persistent course of action in order to constitute heedless and reckless disregard of the rights of others or gross negligence. Pfeiffer v. Green, Tex. Civ. App., 102 S. W. (2d) 1077; Aycock v. Green, Tex. Civ. App., 94 S. W. (2d) 894; Glassman v. Feldman, Tex. Civ. App., 106 S. W. (2d) 721; Hamilton v. Perry, Tex. Civ. App., 109 S. W. (2d) 1142."

In the instant case there is more than the mere fact of driving at a high rate of speed. There is also more than thoughtlessness or inadvertence. Respondent was driving at a very high rate of speed before he reached the limits of the city and he persisted in that course of action after he entered the city and until he was well within the business district.

It is true that respondent's conduct endangered his own life as well as that of his guest, that his guest was his friend, and that finally he did endeavor to reduce the speed by applying the brakes. These are circumstances, not conclusive, to be considered with the other facts and circumstances that have been discussed in determining the issue of fact, whether respondent was acting in heedless and reckless disregard of the rights of others.

■ We agree with the conclusion expressed by the Court of Civil Appeals in its opinion on rehearing that it was authorized to consider the errors assigned by respondent by way of cross points, although he did not perfect an appeal. Dallas Electric Supply Co. v. Branum Co., 143 Texas 366, 185 S. W. (2d) 427; Ward v. Scarborough (Com. App.) 236 S. W. 441.

■ The Court of Civil Appeals sustained respondent's cross

point which presented the contention that there is no evidence to support the trial court's finding of gross negligence and rendered judgment for respondent. Since respondent's brief filed in the Court of Civil Appeals contains also a cross point that the finding of gross negligence is against the greatweight and preponderance of the evidence, the finding by the Court of Civil Appeals of no evidence must be held, in the absence of contrary language, to include a finding of insufficient evidence, and on that account the cause will be remanded to the district court for a new trial. Tweed v. Western Union Telegraph Co., 107 Texas 247, 177 S. W. 957; State v. Elza, 109 Texas 256, 206 S. W. 342; Ochoa v. Winerich Motor Sales Co., 127 Texas 542, 94 S. W. (2d) 416; Liberty Film Lines, Inc. v. Porter, 136 Texas 49, 146 S. W. (2d) 892.

We express no opinion as to petitioner's contention that a question of law is presented by her assignment which complains of the judgment rendered by the trial court as being in an amount grossly inadequate under the undisputed evidence. If on another trial judgment is rendered for petitioner, it will doubtless be in a different amount.

The judgments of the district court and the Court of Civil Appeals are reversed and the cause is remanded to the district court for trial.

Opinion adopted by the Supreme Court June 27, 1945.

Rehearing overruled July 21, 1945.