Sandra SIMS, Appellant,

v.

Virginia Ann SMITH, Appellee.

No. 6905.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 18, 1960.

Rehearing Denied Feb. 15, 1960.

Crenshaw, Dupree & Milam, Lubbock, Freeman & Ward, Fort Worth, for appellant.

Cowsert & Bybee, Hereford, J. Edward Line and Ray Cowsert, Hereford, of counsel, for appellee.

DENTON, Chief Justice.

This is a suit for personal injuries arising under Article 6701b of the Vernon's Annotated Civil Statutes, commonly known as the "Guest Statute." The suit was instituted by appellee, Virginia Ann Smith and her father, as next friend against appellant Sandra Sims, the driver of her family automobile which was involved in the collision in question here. All parties both in the trial court and on appeal concede that Miss Smith was a guest of Miss Sims.

The case was submitted to a jury on the theory of gross negligence and the jury found appellant guilty of gross negligence; that such gross negligence was a proximate cause of the injuries sustained by appellee; that it was not an unavoidable accident; that appellee and her father were damaged in the amount of $13,500 including future medical and hospital expenses. On motion of appellee the trial court remitted $389.35 from the damages awarded appellee's father due to the fact the jury awarded the sum of $4,000 whereas the pleadings and proof only support the sum of $3,610.65.

Appellant brings forward 18 points of error. The first 7 points deal primarily with the question of whether or not a jury finding of gross negligence is supported by the evidence. In order to determine the principal question presented on appeal we

must look to the relevant facts which were conclusively established.

On the afternoon of February 2, 1958, appellant Sandra Sims and appellee, Virginia Ann Smith decided to go to a movie in the city of Dimmitt, and they agreed to take along another friend, Charlotte McElroy. All three girls were 18 and 19 years of age and were high school students in the same school. The girls had been friends for several years. Virginia Ann and Charlotte were particularly close friends and Sandra and Virginia Ann were admittedly "good friends." After the three had seen the movie at approximately 9:00 p. m. they proceeded in Miss Sims' automobile to a drive-in to obtain something to drink. All three girls were in the front seat with Miss Sims driving and Virginia Ann sitting on the right-hand side and Charlotte sitting between the two. Although very close friends, Virginia Ann and Charlotte had had an argument or disagreement earlier in the day, but as they were leaving the movie house they began to "make up" and both admitted to each other they had been "silly" to have had the misunderstanding. As they were riding along admittedly at a slow rate of speed of from 20 to 25 miles per hour, and on a public street where no traffic was on the street at the time immediately prior to the accident, Miss Sims made the following statement: "You can't ignore me." Simultaneously with making this statement she began to rapidly move the steering wheel from side to side some two or three times. Miss Smith, the appellee, testified the steering wheel was turned approximately ⅛ of a turn each time and that such moving caused the car to rock. From the evidence it appears that immediately after the rapid moving of the steering wheel the appellant lost control of the car and it then left the street and moved over the right-hand curb and struck a large tree. The appellee was severely cut and bruised about the face and neck.

▮ As stated in Fancher v. Cadwell, Tex., 314 S.W.2d 820, 822, by our Supreme Court:

" 'Whether an automobile host's conduct is so far negligent or wanton, reckless, or willfully improper as to render him liable to a gratuitous guest, under the prevailing standard of liability, depends in every case upon the combination of circumstances present at the particular time and place. No one or two acts or omissions on the part of the host, no one or two factors from among the conditions then and there present, can be segregated and arbitrarily characterized as necessarily constituting a breach by the host of his duty. Yet typically some one particular act or omission is the central feature of every such traffic accident. It is not of itself determining, but it is still of critical significance.' " See also Adams v. McHam, Tex.Civ.App., 310 S.W.2d 145.

We must then determine from the particular facts and circumstances peculiar to this case whether or not the evidence supports a jury finding of gross negligence on the part of Sandra Sims. There is no allegation or testimony to the effect that the collision was intentionally caused by Miss Sims. We therefore must look to the other portion of Article 6701b, which reads as follows: " * * * or caused by his (the drivers) heedlessness or his reckless disregard of the rights of others." The last quoted part of the statute has been held to mean the same as the term "gross negligence." Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022; Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571 and Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001, 1003. In Rogers v. Blake, our Supreme Court approved the following statement from Texas Pacific Coal & Oil Co. v. Robertson, 125 Tex. 4, 79 S.W.2d 830, 98 A.L.R. 262:

"Mere indifference is not enough. The indifference must be conscious. The indifference is to the rights or welfare of the person or persons who may be affected by the act or omission. Thus the doctrine of foreseeableness becomes important."

We also find the following language in the Robertson case, supra [125 Tex. 4, 79 S.W. 2d 831]:

"The person charged with the act or omission cannot be consciously indifferent to the rights or welfare of another unless he knows, or should know, that such another will probably be affected by the act or omission. Sporer's mental attitude and knowledge are important, including knowledge that he had, or should have had as to the probability of injury to Robertson or to some other person."

■ Even though appellant denied the sudden turning of the steering wheel, but insisted one of the other girls grabbed the wheel, the jury disbelieved her. There was ample evidence to support the jury finding that the appellant did suddenly turn the wheel, but our concern here is to determine whether such acts were gross negligence or ordinary negligence. Certainly the acts of appellant were uncalled for and were acts of thoughtlessness, inadvertence or error of judgment. Even if we say such acts show an indifference for the welfare of the two guests, the indifference must be a conscious indifference. Here all occupants of the car were friends. They were on a casual pleasure ride and it appears from the record that the appellant exhibited a feeling of being "left out" by the other two girls. It seems clear to us her act of suddenly turning the steering wheel was an overt act to gain the attention of the other two girls. All agreed she had been driving in a slow, careful and prudent manner and that she did not appear to be angry. Here the negligent acts of the appellant cannot be said to be a "continued or persistent course of action" as required in gross negligence cases. Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571, 575. After a careful examination of the entire statement of facts, we have reached the conclusion that there is no evidence from which it can be reasonably concluded that appellant was guilty of gross negligence in momentarily turning the steering wheel two or three times in rapid succession. We are of the opinion such actions on the part of appellant show thoughtlessness and very bad judgment. They clearly were negligent acts but we feel they do not constitute gross negligence. We therefore sustain appellant's first 7 points of error.

Although appellant complains of other errors committed by the trial court we do not deem it necessary to discuss those points in view of our discussion of the points of error mentioned above.

From the record before us it appears the case was fully developed in the trial below. Therefore, the trial court is hereby reversed and the judgment rendered that the plaintiff take nothing.

Reversed and rendered.