**Glenn FORGUS, Appellant,**

**v.**

**Gordon HODNETT, Appellee.**

**No. 4029.**

Court of Civil Appeals of Texas.

Eastland.

March 11, 1966.

Rehearing Denied April 1, 1966.

Guilford L. Jones, Big Spring, for appellant.

Stubbeman, McRae, Sealy & Laughlin, Midland, for appellee.

GRISSOM, Chief Justice.

Glenn Forgus, individually and as next friend for his minor daughter, sued Gordon Hodnett for damages suffered by her injury in an automobile accident. At the time of the accident, defendant's automobile was being driven by his minor daughter and plaintiff's daughter was riding therein as her guest. Plaintiff asserted liability of the defendant automobile owner for ordinary negligence in entrusting his automobile to his daughter knowing that she was an unlicensed and inexperienced driver and that his automobile had a defect in its steering mechanism.

The defendant pleaded Article 6701b, the guest statute, as a defense. In a motion for summary judgment, the defendant contended that, as a matter of law, plaintiff was not entitled to recover under said allegations, and that to recover he was required to allege and prove gross negligence of the owner of the automobile so entrusted. In opposing defendant's motion for a summary judgment, plaintiff took the position that Article 6701b was not applicable and that defendant was liable to his daughter's guest for his ordinary negligence in entrusting his automobile to his daughter under the circumstances mentioned. The court sustained the defendant's motion for a summary judgment and held that the guest statute barred recovery for ordinary negligence in entrusting the automobile to his daughter. Appellant says the only question presented by this appeal is whether Article 6701b applies to negligent entrustment in Texas. We hold that it does.

Section 1 is as follows:

"No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."

Our Supreme Court has held that this statute was intended to give added protection to the host-driver of an automobile and his insurer against suits by guests, Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607, and to prevent fraudulent collusion between an insured and his guest. Cedziwoda v. Crane, 155 Tex. 99, 283 S.W.2d 217, 218. See also Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571; Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022.

In Snyder v. Jones, Tex.Civ.App., 392 S.W.2d 504, 508, it was held that proof of knowledge by the owner that his automobile had a dangerous defect when he permitted his daughter to use it for herself and her guest did not show gross negligence, which was essential to establish liability under Article 6701b.

Appellant says there is no Texas case deciding the question presented, but he calls attention to language used in some that, perhaps, tends to support his contention that the guest statute is not applicable here. None of said cases hold that a guest has a cause of action against the owner of an automobile for ordinary negligence in entrusting his automobile to another.

In Ortman v. Smith, 8 Cir., 198 F.2d 123, 126; 344 U.S. 856, 73 S.Ct. 95, 97 L.Ed. 664, cert. den., a circuit court construed the South Dakota guest statute. The plaintiff contended the defendant automobile owner should be held liable for ordinary negligence in letting his minor child use his automobile and that it was not necessary to establish willful and wanton misconduct. The court held that the absent automobile owner, who entrusted it to his minor child, could avail himself of the guest statute as a defense. It cited the California case of Benton v. Sloss, Cal. App., 234 P.2d 749, 753, wherein it was held that to hold an automobile owner liable to a guest for ordinary negligence in entrusting his automobile to another would defeat the purpose of the guest statute. The South Dakota statute is substantially the same as ours. It provides as follows:

"No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of

such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought; and no person so transported shall have such cause of action if he has willfully or by want of ordinary care brought the injury upon himself."

The Supreme Court of Colorado in Graham v. Shilling, 133 Colo. 5, 291 P.2d 396, held that a guest who was injured while the automobile was being driven by one to whom the owner had entrusted it, could not recover from the owner without proof of his gross negligence.

The Supreme Court of Ohio in Tonti v. Paglia, 171 Ohio St. 520, 172 N.E.2d 618, 91 A.L.R.2d 317, said that the question presented was whether its guest statute provided a defense to an action for wrongful death against an automobile owner for negligent entrustment of his automobile to an incompetent driver, where the person injured was a guest of the driver and willful and wanton misconduct of the owner was not alleged. It said:

"An examination of the guest statutes in all the jurisdictions which have adopted such statutes reveals that in no such jurisdiction is the owner of a motor vehicle, who entrusted such motor vehicle to an incompetent person, held liable for injury, death or loss suffered by a guest of the driver in the absence of an allegation and proof of willful or wanton misconduct by the owner which resulted in the injury or loss to or death of the passenger. The entrustment of the motor vehicle to such incompetent person does not, in itself, constitute willful or wanton misconduct."

Plaintiff's contention that the defendant is liable to his daughter's guest for ordinary negligence in entrusting his automobile, with a defective steering mechanism, to his unlicensed, inexperienced minor daughter seems to find some support in California and Kansas decisions and possibly others. But, most courts have taken the opposite view and hold that such guest statutes insulate such owners from liability for ordinary negligence and that a guest must establish the gross negligence of the owner to recover from him. 91 A.L.R.2d 326.

"The requirement of the guest statutes that the injured automobile guest, to recover from his host, must show gross negligence or similar aggravated misconduct has frequently been held to be also applicable where the guest seeks to recover from the owner of the vehicle, driven by another at the time of the accident, on the theory that the owner negligently entrusted the vehicle to an incompetent driver." 91 A.L.R.2d 327.

Under the recognized general rule in the United States the defendant is not liable for the negligence alleged. The evident purpose of our guest statute requires application of the general rule in Texas. The judgment is affirmed.