SOUTHWESTERN TELEGRAPH & TELEPHONE CO. v. THOMPSON et al.

(Court of Civil Appeals of Texas. Austin. Dec. 13, 1911. Rehearing Denied Jan. 24, 1912.)

1. APPEAL AND ERROR (§ 846*)—ABSENCE OF FINDINGS—REVIEW.

Where the trial court, in a suit tried without a jury, did not file written findings, it was the duty of the appellate court to affirm,

if there was testimony which would support the judgment on any theory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3347–3362; Dec. Dig. § 846.*]

**2. TELEGRAPHS AND TELEPHONES (§ 10*)— USE OF STREETS—FIRES—MOVING HOUSE.**

Though a telephone company was authorized to erect poles, cables, and wires in the streets, it was not entitled as a matter of law to maintain them at the particular height and place at which they were originally erected so as to entitle the company to restrain a house mover from moving the wires under reasonable regulations to enable him to move a house along the street in accordance with an ordinance and a permit from the city's governing authorities binding him to pay all damages caused thereby.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 6; Dec. Dig. § 10.*]

**3. TELEGRAPHS AND TELEPHONES (§ 10*)— ALTERATION OF WIRES—HOUSE MOVING.**

Where municipal authorities had expressly authorized the use of a street to move a house and had specified reasonable conditions on which the order was granted, and it was necessary to raise the telephone company's cables and wires to enable the house to pass under them, the telephone company was required to raise the cables and wires on the mover's offer to pay the reasonable expense, and on its failure to do so the mover was authorized to raise them himself.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 6; Dec. Dig. § 10.*]

**4. INJUNCTION (§ 261*)—WRONGFUL ISSUANCE—DAMAGES—RIGHT TO SUE.**

Where a telephone company wrongfully obtained an injunction restraining any interference with its wires by a house mover authorized by a city ordinance and permit to move a house along a street, which would require the raising of the wires, the fact that on the issuance of the injunction the owner caused the top of the house to be cut off, so that it might be moved without changing the wires, was not voluntary and was no defense to an action for the wrongful issuance of the injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 609; Dec. Dig. § 261.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by B. F. Thompson and others against the Southwestern Telegraph & Telephone Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

A. P. Wozencraft and Scott, Sanford & Ross, for appellant. Hair & Woodward, for appellees.

KEY, C. J. J. R. Spencer bought and owned a building on what was known as the government lot in the city of Temple; the building being 28 feet wide and 90 feet long by inside measurement, and being about 30 feet in height. He desired to move the building to another lot owned by him, and he employed B. F. Thompson to move it for him. There was a city ordinance in force, requiring any one desiring to remove any building from one place to another over any public street or ground to first get per-

mission from the street and alley committee before using such public street or ground for that purpose. The street and alley committee of the city of Temple granted permission to move the building in question "from Adams avenue and Main street to destination on East Adams avenue between Twelfth and Fourteenth streets. Your route to be direct on East Adams avenue. It is understood and agreed that you are to assume all damage to public or private property caused by you in the moving of this building, and to notify all those having wires in sufficient time to enable them to have a lineman on the ground to protect their wires. You are to use due diligence to reach destination after pulling building on street." This document was issued January 4, 1909, and Thompson began work with the view of moving the building. On September 16, 1899, the Secretary of the State of Texas issued to the Southwestern Telegraph & Telephone Company a permit to do business in the state, and prior to 1909 that company had established a telephone system in the city of Temple, and had placed some of its poles, cables, and wires on and along Adams avenue, the cables and wires being about 25 feet from the ground; so that the house in question, while it remained intact, could not be moved along that street without breaking the telephone wires and interfering with the company's business and the public's use of its telephone, unless the wires were temporarily disconnected from the poles and raised some five or six feet higher. The record shows that an effort was made to get the agent and manager of the Telephone Company in Temple to have the wires raised while the house was being moved; but the parties failed to reach a satisfactory agreement, and on January 30, 1909, the Telegraph & Telephone Company filed a suit against both Thompson and Spencer, seeking to have them temporarily and perpetually enjoined from interfering with its wires, poles, cables, etc. A temporary injunction was issued and served upon the defendants, who thereafter filed answers, which contained a general demurrer and denial and plea in reconvention for damages, upon the ground that the injunction was wrongfully issued, and that as a result thereof each defendant had sustained certain pecuniary injuries. On September 27, 1910, the case was tried before the court without a jury, and judgment rendered dissolving the temporary injunction and awarding to the defendant Thompson on his cross-action recovery for $50 for loss of time, and to defendant Spencer on his cross-action $50 for money expended in having the roof of the building cut off; $50 spent for material and $250 for injuries resulting to the house on account of having the top or roof cut off and being moved in that condition; and the plaintiff

has brought the case to this court and seeks to have the judgment reversed upon numerous assigned errors.

We have neither the time nor inclination to discuss severally the numerous assignments of error, and shall confine the discussion to the most important questions presented.

[1] The trial court did not make and file written findings of fact and conclusions of law, and therefore it becomes our duty to affirm the judgment if testimony was submitted which will support any theory upon which the judgment might have been rendered. This being the case, we deem it proper to make an outline of the facts which the testimony tends to prove in support of the judgment, which we do in the form of findings of fact, as follows: (1) There was no other practicable route by which the house could have been removed at less expense than the one selected by Thompson and Spencer. (2) Spencer, the owner of the house, offered to deposit with appellant's agent and manager in Temple $50 to cover the expense of raising the cables and wires, and stated to said agent that if 'it cost any more he would pay the full amount of such cost, and Spencer was and is solvent, and the full amount of such expense could have been collected from him by law. (3) While there is testimony tending to show that it would have cost more, one expert witness testified that the cables and wires could have been raised at an expense of $50, and we so find the fact to be. (4) The proof sustains the several items of damage awarded by the court to the defendants on their cross-action. (5) The proof shows that after the injunction was issued and served, restraining appellees from in any wise interfering with, molesting, or injuring appellant's cables and wires, appellee Spencer caused the top of the building to be cut off, and thereafter, and while it was in that condition, appellee Thompson, under his contract with appellee Spencer, moved the building along Adams avenue without moving or otherwise disturbing appellant's cables and wires. (6) The record also shows the facts recited in the preliminary statement hereinbefore made.

[2] The able counsel who represent the respective parties in this court have cited no case analogous to this, and our own researches have discovered none. Counsel for appellant presents an earnest and able argument in support of the proposition that as it was acting under permission granted by the state, and had placed its wires so high as not to interfere with the usual and ordinary use of the street, and as the house could not be moved upon that street without interfering with its cables and wires, the injunction it obtained was rightly issued, and the appellees had no right to maintain their cross-action upon the theory that the injunction was wrongfully issued. It is also contended on behalf of appellant that appellee Spencer ought not to recover, because he voluntarily had the top of his house cut off. On the other hand, counsel for appellees contend, in effect, that while the government had granted to appellant the right to establish and maintain a telephone system in Temple, and the right to erect its poles, cables, and wires on the street in question, it had not authorized the cables and wires to be located and forever thereafter maintained at the particular height and place appellant had placed them, and that the municipal government of Temple had the power to make any reasonable regulation in reference to the location and maintenance of the poles, cables, and wires that it deemed proper to make, and that the municipal ordinance regulating the moving of houses and the action of the street committee granting permission to move the house in question was equivalent to an order of the municipality requiring appellant to raise its cables and wires, and, if it failed to do so, authorizing appellees to do so themselves, they to pay all damages caused thereby.

[3] We have reached the conclusion that the contention urged in behalf of appellees is the sounder and better doctrine, and that the trial court committed no error in applying it in this case. It may be conceded, as urged on behalf of appellant, that the use of a public street for the purpose of removing a house is not one for which public streets are usually used, and, in that sense, is not a public or ordinary use. But in the case at bar the municipal authorities had expressly authorized the use of the street for the purpose of removing the house, and as such authorization, upon the condition stated in the order granting it, was not unreasonable, we think appellees had the right, in pursuance of the authority so granted, to move the house upon that street, and, if appellant refused to raise its cables and wires, appellees had the right to do so themselves; and, if they had that right, it follows that the injunction was wrongfully obtained, and appellant was liable for whatever injury resulted therefrom.

[4] We do not believe there is any merit in the contention that appellee Spencer cannot recover because of the fact that he caused the house to be cut in two. While in one sense that was a voluntary action on his part, in another it was not. The evidence fails to show that he could have pursued any other course by which the house could have been removed at less expense and injury. On the contrary, it tends strongly to show that he pursued the only course that was then practicable. The injunction procured by appellant restrained him from pursuing the course authorized by law, and rendered it necessary for him to adopt some other course. The course adopted does not appear to have been unreasonable, and, as it was forced upon him by appellant's wrong-

ful act, appellant cannot claim immunity upon the theory that appellee Spencer acted voluntarily in the particulars referred to.

All the questions presented in appellant's brief have been considered, and our conclusion is that no reversible error has been shown, and the judgment is affirmed.

Affirmed.