## KITTRELL v. IRWIN et al.

(Court of Civil Appeals of Texas. San Antonio. June 12, 1912.)

1. APPEAL AND ERROR (§ 934*)—JUDGMENT—PRESUMPTIONS.

Where the trial court, trying a case without a jury, filed no findings of fact, the court on appeal must take, as supporting the judgment, any facts which may be found in the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781; Dec. Dig. § 934.*]

2. TRESPASS (§ 12*)—ACTS CONSTITUTING.

Where defendant by misrepresentation gained an entrance into the home of plaintiff, and there assaulted and humiliated plaintiff's wife, and claimed that he had a writ for a piano, while as a matter of fact he had no writ authorizing him to take the piano, he was a

trespasser and liable for a trespass and for his acts done in connection therewith.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 10; Dec. Dig. § 12.*]

3. TRESPASS (§ 56*)—EXEMPLARY DAMAGES.

Where the petition, alleging that a trespass was willful, malicious, and wrongful, 'was supported by evidence, a verdict for exemplary as well as actual damages was authorized.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. § 144; Dec. Dig. § 56;* Damages, Cent. Dig. § 204.]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Action by J. D. Irwin against George B. Kittrell and another. From a judgment for plaintiff against defendant named, the latter appeals. Affirmed.

Short & Field, of Dallas, for plaintiff in error. Allen & Allen, of Dallas, for defendants in error.

JAMES, C. J. The petition of J. D. Irwin, compaining of the Jesse French Piano & Organ Company and George B. Kittrell, alleged, in substance, a conspiracy between the defendants to wrong plaintiff; that Kittrell, falsely pretending that he was sent to examine some furniture in .plaintiff's home, gained entrance, and there assaulted, abused, and humiliated plaintiff's wife, falsely claiming to have a writ for a piano; that as a matter of fact he had no writ; that the Jesse French Piano & Organ Company had a judgment against plaintiff with foreclosure on a piano in a justice's court on which two writs had been issued, the first being returned "no property found," and the second that the officer was "refused admittance" to plaintiff's house; that plaintiff, to protect his home, was forced, under said circumstances, to expel said Kittrell from his house. There was a further allegation of wrong committed by defendants in their prosecuting a contempt proceeding against plaintiff for obstructing the officers in the execution of said two writs, which contempt proceeding had resulted in the discharge of plaintiff. There was allegation that said trespass and said charge of contempt were done maliciously, and he prayed for actual damage in the sum of $5,000 and exemplary damages in the same sum. The trespass was alleged to have been committed on May 27, 1910, and the contempt charge on June 18, 1910. The court gave judgment in favor of the Jesse French Piano & Organ Company, and, there being no appeal from that much of the judgment, it is not necessary to notice the pleadings of that defendant. Kittrell pleaded various demurrers, general denial, and, further answering, stated that on May 24, 1909, the said Piano & Organ Company recovered a judgment in the justice's court against ·plaintiff with foreclosure of lien on a certain piano; that on May 16, 1910, an order of sale issued

thereon which was placed in the hands of A. L. Ledbetter, sheriff of Dallas county, commanding him to sell the piano; that said Ledbetter, by G. W. Patterson, repeatedly demanded the piano of plaintiff that he might sell it under the order of sale, but that plaintiff in contempt of the order, and for the purpose of swindling the said Piano & Organ Company, and of retaining the property, refused the demand, and concealed it from said officer in his home, claiming that the officers had no right to invade his home with such a writ; that now he seeks a reward for such conduct by a judgment against the defendant for damages. By a trial amendment plaintiff alleged that, when defendant Kittrell fraudulently claimed to make an alleged levy on the piano, he then and there, acting for himself and as agent of the Piano & Organ Company, seized the sheet music that was upon the piano and threw it from the piano, and, when plaintiff's wife attempted to interfere, he assaulted her by thrusting his hand upon her, thereby assaulting and striking her with his hand and hurled her from his presence, preventing her from protesting against said levy, and commanded her to stand aside and not interfere with him, thereby inflicting upon her the injuries complained of in this petition, and causing her to become unconscious and to suffer great mental anguish and physical pain. The demurrers of defendant are not shown to have been acted upon. The cause was tried by the court, and judgment was given for plaintiff against Kittrell for $100 actual and $250 exemplary damages. The testimony was sufficient to indicate and for the judge to find that Kittrell had no writ authorizing him to take the piano.

[1] The court filed no findings of fact, and we 'must take as supporting the judgment any facts which may be found in the testimony.

[2] Said facts made Kittrell a trespasser, and rendered him liable for trespass and his acts done in connection therewith.

[3] The judgment and actual damages was warranted, and, the petition having alleged that the trespass was willful, malicious, and wrongful, there was no error in imposing the sum allowed for exemplary damages.

Judgment affirmed.