## CITY FUEL COMPANY v. TORREYSON.

### Opinion delivered October 18, 1920.

1. CARRIERS—WHO ARE.—A company which lets its trucks with drivers to carry goods as part of its regular business is a common carrier.

2. CARRIERS—LOSS OF GOODS.—Where a carrier sued for charges for transporting household goods, in the sum of $40, and the defendant counterclaimed damages for the loss of four chairs, of the value of $65, and there was no dispute as to the loss or the amount of damages, the court properly directed a verdict for defendant in the sum of $25.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

#### STATEMENT OF FACTS.

The City Fuel Company commenced this suit in the municipal court against B. W. Torreyson to recover the sum of $40 for the hire of two trucks to haul furniture from Little Rock to Conway, Arkansas.

The defendant filed an answer and counterclaim, in which he alleged that the plaintiff was a common carrier

and had lost or destroyed in transit a part of the furniture of the value of $65.

The plaintiff recovered judgment in the municipal court for $40, and the defendant appealed to the circuit court. In the circuit court, J. F. Evans testified that he was the manager and president of the City Fuel Company; that it rented two trucks to B. W. Torreyson during the latter part of 1917, for a trip from Little Rock to Conway; that two trucks made the trip; that Mr. Torreyson owed the company therefor the sum of $40.

On cross-examination Evans admitted that it was a part of the business of the City Fuel Company to rent trucks for the purpose of hauling goods from place to place in the city of Little Rock and from the city of Little Rock to nearby towns; that the company sent its own drivers in charge of the trucks; that the trucks are rented for a stipulated price per hour or per day.

According to the testimony of Mrs. B. W. Torreyson, she was agent for her husband in the matter and talked with Mr. J. F. Evans over the telephone about moving their furniture from Little Rock to Conway. She asked him if they did moving from one town to another. He replied that they did and advised her that this was a good way to move. She furnished the men to do the packing and loading the furniture, but the City Fuel Company furnished the rope, and the trucks were in charge of its own drivers. Two wicker chairs worth $40 and a rosewood antique chair, worth $20, were lost in transit. An oak rocker worth $15 was broken so badly that it could not be used or repaired.

Another witness testified that all these chairs were loaded on the truck and were received by the drivers as properly packed.

B. W. Torreyson testified that he was present at Conway when the trucks arrived and had charge of unloading them; that the two wicker chairs and the rosewood chair were not received and have not been received since that time; that one of the trucks had large limbs

sticking under the ropes and showed evidence of having been driven under trees; that there was quite a pile of the brush on the truck, which appeared to have been torn from trees along the road; that the oak chair was badly broken and not worth repairing.

Another witness who helped unload the goods corroborated the testimony of B. W. Torreyson.

At the conclusion of the testimony the court directed a verdict for the defendant in the sum of $25, and the case is here on appeal.

*McMillen & Scott,* for appellant.

1. It was error to direct a verdict for defendant. The testimony was conflicting and the case should have been submitted to a jury. 127 Ark. 286; 128 *Id.* 347. The testimony does not show appellant to be a common carrier. 1 Hutchinson on Carriers (3 ed.), § 47. The rule in 112 Ark. 417 governs this case and appellant was only a private carrier and the burden was on appellee to show negligence. See, also, 101 Ark. 75; 106 Me. 355; 138 Am. St. Rep. 345.

2. When there is any evidence tending to establish an issue in favor of the party against whom the verdict is rendered it is error to take the case from the jury. 80 Ark. 368; 95 *Id.* 560; 103 *Id.* 401.

*Wallace Townsend,* for appellee.

1. Appellant was a common carrier. 100 Ark. 37-44-5; 127 S. W. 435.

2. Appellant was liable as a bailee for hire in exclusive possession. 134 Ark. 76-9; 127 S. W. 435. There was nothing to submit to a jury, but only a question of law for the court. 97 Ark. 438.

HART, J. (after stating the facts). The trial court directed a verdict for the defendant upon the theory that the City Fuel Company was a common carrier. Story on Bailments (8 ed.), section 496, includes among common carriers truckman, wagoners, teamsters, etc., who undertake to carry goods for hire, as a common employ-

ment, from one town to another or from one part of a town or city to another.

Kent says, "Common carriers undertake generally, and not as a casual occupation, and for all people indifferently, to convey goods, and deliver them at a place appointed, for hire as a business, and with or without a special agreement as to price." 2 Kent (14 ed.), p. 599.

This definition of a common carrier was adopted by this court in the case of *Arkadelphia Milling Co.* v. *Smoker Merchandise Co.*, 100 Ark. 37. In that case a city drayman, who was engaged in the business of carrying goods for others from place to place in the city for hire, was held to be a common carrier. The company in that case was regularly engaged in the business of transporting personal property from one place to another in the city for all persons for hire, just as was the case here. Besides that, in the present case, a part of the business of the plaintiff was to transport goods from one city to another.

According to the testimony of Mrs. Torreyson, a part of the business of the plaintiff was moving goods from the city of Little Rock to nearby towns for hire.

According to the testimony of the plaintiff, it only rented its trucks to people for the purpose of hauling their goods from place to place within the city of Little Rock, or from the city of Little Rock to nearby towns. The fact that the plaintiff says that it limited its employment to the renting of the trucks for the purpose of moving household goods does not change its position as a common carrier. The plaintiff admitted that it sent its own drivers in charge of the trucks, and the other evidence, which is undisputed, shows that the drivers received the goods as properly packed on the truck. This was a part of the regular business of the plaintiff, and under the undisputed evidence it was a common carrier.

Again, it is insisted that the undisputed evidence does not show the loss of the chairs and their value. Mrs. Torreyson testified as to the value of the chairs

which were lost, and her testimony was not attempted to be contradicted in this respect. She also testified that the chairs were packed on the trucks before they started for Conway.

Another witness corroborated her in this respect and testified that the chairs were properly packed on the trucks. Mr. Torreyson and another witness testified that three of the chairs were not on the trucks when the trucks arrived at Conway, and that the other was so badly broken that it could not be repaired. This testimony is uncontradicted.

It is true that the driver of one of the trucks testified that he handled the furniture on his truck in a careful manner and had no accident with it. He stated further that he did not think there was any of the furniture put on his truck that did not reach Conway. This testimony was negative merely, and did not contradict the testimony of the witnesses to the effect that one of the trucks arrived at Conway all covered with limbs of trees and that the chairs were missing. The testimony of Mrs. Torreyson to the effect that the chairs were loaded on the trucks was corroborated by a disinterested witness, and the testimony of Mr. Torreyson to the effect that the three chairs were missing and the fourth one so badly damaged that it could not be repaired was corroborated by another disinterested witness.

Therefore, the court properly directed a verdict for the defendant.

It follows that the judgment must be affirmed.