**MOTOR CAR INDEMNITY EXCHANGE v. LILIENTHAL.** (No. 8031.)

(Court of Civil Appeals of Texas. Galveston. March 19, 1921. Rehearing Denied April 14, 1921.)

1. Municipal corporations ☞703(1)—Failure to show that jitney bus covered by surety agreement was the machine injuring plaintiff held fatal in action against surety.

In an action against the operator of a jitney bus and his surety to recover on a bond, required by the city, covering a particularly described automobile, failure to prove that the injury was caused by such automobile *held* to require a reversal of a judgment against the surety.

2. Municipal corporations ☞703(1)—Bonding company's contract covering operation of jitney busses held not to include injuries by bus off the prescribed route, when driver not engaged in the jitney bus business.

Where a surety's bond, given for the operation of a jitney business, prescribed a route and required a change of route to be consented to by the surety, the surety will not be liable for injuries caused by a jitney bus or its driver, where the driver was not only off the prescribed route but had temporarily discontinued the actual conduct of the jitney business.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Charles A. Lilienthal against the Motor Car Indemnity Exchange and another for personal injury. Judgment for plaintiff, and defendant named alone appeals. Reversed and remanded.

A. B. Wilson, of Houston, for appellant.
Heidingsfelders, of Houston, for appellee.

GRAVES, J. The appellee recovered a judgment below for $1,500 against Banta, the operator of an automobile in the city of Houston known as a jitney, and against the appellant, Motor Car Indemnity Exchange, the surety on his bond as such, for personal injuries found by the jury to have resulted from Banta's negligently running the automobile into the appellee's buggy and knocking him to the ground. Banta has not appealed, the cause being brought here by the surety alone.

The bond involved was required by ordi-

nance of the city of Houston, was in the sum of $2,500, ran in favor of the mayor, and, among other things not material, specifically provided:

"This bond is executed to cover the operation of a car licensed under county No. 9754 and jitney No. 169, and being the same car heretofore described and no other, and it is expressly stipulated that no other vehicle will be substituted and operated under said numbers without the written consent of the public service commissioner of the city of Houston, and the written consent of the surety or sureties hereon to that effect attached hereto, executed, in case of a corporate surety, by a duly authorized officer of the company or the designated attorney in fact in, the city of Houston.

"Provided, no change shall be made in said route without a written indorsement of the surety or sureties hereon, in like manner as is provided for a change in the car operating hereunder, and without the consent of the city council of the city of Houston."

Under the ordinances of the city, not only was one driving a jitney within its limits required to give such a bond for the use and benefit of any person injured by "the wrongful or negligent operation of any vehicle or vehicles operated under said bond, contract, or policy," but it was expressly made unlawful to operate under that instrument any other vehicle than the one enumerated therein.

[1] Under appropriate assignments, appellant complains that it did not appear upon the trial of the case, by any evidence offered, that the particular car authorized to be used in this instance and covered by the bond sued upon was in fact being used at the time of the injury recovered for. An examination of the statement of facts discloses the correctness of this contention. There was an utter failure to show that the jitney driver was at the time operating the car described in this bond and in his application for a license; the application for the bond was in evidence, and the car was therein minutely described, the make, motor number, model, style of body, year built, motive and horse power, all being given; it is therefore apparent that it was and should still be an easy matter to determine whether or not the one causing the accident was the automobile protected by the terms of the bond. Under the express terms of their contract, as well as of the city ordinance, this being an essential element in the making of a case for the appellee against the bonding company, the omission necessitates a reversal of the recovery as to it.

[2] In view of another trial, it may be said that the court's charge to the jury defining "jitney business," or "jitney service," hardly went far enough. The portion outlining what need not be considered such a change in the route as to constitute an abandonment of it, or of the employment as jitney driver thereon, should have been qualified by some such limitation as "provided the driver was still in pursuit of his business as such operator." We do not think the bonding company would have been liable under this character of contract, if the facts had shown that the driver was not only off of the prescribed route, even though temporarily so, but had also, for the time being, discontinued the actual conduct of his jitney business.

The special charge requested by appellant in no wise remedied the defect in the one given by the court, since it stopped short of supplying the missing link suggested.

In so far as it affects the appellant, the trial court's judgment is reversed and the cause is remanded.

Reversed and remanded as against Motor Car Indemnity Exchange.