**HEMPHILL v. ROMANO et al.**

(Court of Civil Appeals of Texas. Galveston. May 19, 1921.)

1. Appeal and error 846(6)—Judgment affirmed in absence of findings of fact or law if facts support it.

On appeal from judgment rendered by the court after trial without a jury, without making findings of fact or law, where the record does not disclose the ground upon which the court rested its conclusions, the judgment must be affirmed, if a state of facts appear which will support it.

2. Master and servant 302(6)—Automobile driver not within scope of employment while engaged in personal enterprise.

Where an employee, who was employed solely for the purpose of operating an automobile as a jitney on a particular route, used the car without the employer's knowledge or consent in a personal enterprise of his own, and

---

in so doing caused an accident some distance from such route, he was not at the time of such accident acting within the scope of his authority or employment.

**3. Municipal corporations ⚖═703(1)—No liability on jitney bond designating route where accident occurred while driver in personal enterprise was some distance therefrom.**

Surety on bond limiting its liability to operation of automobile while in jitney service on designated route was not liable, where accident occurred while driver, without employer's knowledge or consent, was using the car in a personal enterprise of his own some distance from such jitney route.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by R. B. Hemphill against Joe Romano and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Elbert Roberts, of Houston, for appellant.

Vinson, Elkins & Wood and Turnley & Clark, all of Houston, for appellees.

GRAVES, J. In this cause appellant sought compensation in damages from appellee Romano and the Interstate Casualty Company for injuries resulting to his automobile from a collision between it and one belonging to Romano and operated at the time by S. P. Brown.

The court trying the case without a jury denied the claim and rendered judgment in favor of the appellees. The appeal complains of that action.

Only two assignments of error are presented; the sole contention under both being that the judgment was contrary to the evidence in that it undisputedly appeared that Romano's driver caused the collision by swerving his car to the left and into appellant's car.

[1] The position cannot be sustained. The record does not disclose the ground upon which the court rested its conclusions, and, there having been neither jury nor findings of fact or law by the court, if a state of facts appeared which will support the judgment rendered, it must be affirmed. S. W. T. & T. Co. v. Thompson, 142 S. W. 1000; Kittrell v. Irwin, 149 S. W. 199.

Without attempting to recapitulate it here, it is deemed sufficient to say that, while there was a conflict in the testimony as to the cause of the accident, there was sufficient evidence to support a conclusion that it resulted from the fault or negligence of the appellant.

[2] Moreover, the court might have found that Brown, the driver of Romano's car, was not at the time acting within the scope of his authority or employment but was engaged in a personal enterprise of his own. He was employed by Romano solely for the purpose of operating the car as a jitney on the Leland avenue route within the city of Houston, whereas, without his principal's knowledge or consent, and with his jitney sign removed, he was returning with some soldiers from Ellington Field and collided with the other car at a point on McKinney avenue some distance away from his jitney route.

[3] In so far as concerns the casualty company alone the bond declared upon against it limited its liability to the operation of a particular car while in the jitney service on the designated Leland avenue route within the city of Houston. The undisputed evidence not only showed the car involved not to have been operating in the jitney service on that route at the time of this accident, but further wholly failed to demonstrate that it was the same car the bond declared upon covered. In these circumstances no liability was fastened upon the casualty company. Motor Car Indemnity Exchange v. Chas. A. Lilienthal, 229 S. W. 703, decided by this court March 19, 1921.

The judgment will be affirmed.

Affirmed.

─────

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes