### LILIENTHAL v. MOTOR CAR INDEMNITY EXCHANGE. (No. 315–3650.)

(Commission of Appeals of Texas, Section B. April 12, 1922.)

**1. Municipal corporations ⬥⟹703(1)—Evidence in action against insurer for injury from a jitney held sufficient to support a judgment for plaintiff.**

In an action against an insurance company for injuries from being struck by an automobile, evidence that the automobile was one insured by defendant *held* sufficient to support a judgment for plaintiff.

**2. Appeal and error ⬥⟹1091(1)—Remanding case by Court of Civil Appeals for insufficiency of evidence binding on Supreme Court.**

Though a decision of the Court of Civil Appeals that there was no evidence to support a judgment for plaintiff in a district court was erroneous, it will be assumed to include a further finding that the judgment of the district court was against the weight of testimony, and a remand to the district court is binding on the Supreme Court.

**3. Municipal corporations ⬥⟹703(1)—In action against surety of jitney driver defendant not entitled to a peremptory instruction.**

In an action against a surety on an indemnity bond for being struck by an automobile, where the bond made defendant liable only for damages caused while the automobile was on a regular route, in view of evidence that the automobile was being operated on the route when or just before the injury was sustained, defendant was not entitled to a peremptory instruction.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Charles A. Lilienthal against the Motor Car Indemnity Exchange. From a judgment of the Court of Civil Appeals (229 S. W. 703) reversing a judgment for plaintiff and remanding the case for a new trial, plaintiff brings error. Affirmed.

Heidingsfelder's, of Houston, for plaintiff in error.

A. B. Wilson, of Houston, for defendant in error.

POWELL, J. The Court of Civil Appeals has given us an admirable statement of the nature and result of this suit as follows:

"The appellee recovered a judgment below for $1,500 against Banta, the operator of an automobile in the city of Houston known as a jitney, and against the appellant, Motor Car Indemnity Exchange, the surety on his bond as such, for personal injuries found by the jury to have resulted from Banta's negligently running the automobile into the appellee's buggy and knocking him to the ground. Banta has not appealed, the cause being brought here by the surety alone.

"The bond involved was required by ordinance of the city of Houston, was in the sum of $2,500, ran in favor of the Mayor, and, among other things not material, specifically provided:

"'This bond is executed to cover the operation of a car licensed under county No. 9754 and jitney No. 169, and being the same car heretofore described and no other, and it is expressly stipulated that no other vehicle will be substituted and operated under said numbers without the written consent of the public service commissioner of the city of Houston, and the written consent of the surety or sureties hereon to that effect attached hereto, executed, in case of a corporate surety, by a duly authorized officer of the company or the designated attorney in fact in the city of Houston.

"'Provided no change shall be made in said route without a written indorsement of the surety or sureties hereon, in like manner as is provided for a change in the car operating hereunder, and without the consent of the city council of the city of Houston.'

"Under the ordinances of the city, not only was one driving a jitney within its limits required to give such a bond for the use and benefit of any person injured by 'the wrongful or negligent operation of any vehicle or vehicles operated under said bond, contract, or policy,'

⬥⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

but it was expressly made unlawful to operate under that instrument any other vehicle than the one enumerated therein.

"Under appropriate assignments, appellant complains that it did not appear upon the trial of the case, by any evidence offered, that the particular car authorized to be used in this instance and covered by the bond sued upon was in fact being used at the time of the injury recovered for. An examination of the statement of facts discloses the correctness of this contention. There was an utter failure to show that the jitney driver was at the time operating the car described in this bond and in his application for a license; the application for the bond was in evidence, and the car was therein minutely described, the make, motor number, model, style of body, year built, motive and horse power, all being given; it is therefore apparent that it was and should still be an easy matter to determine whether or not the one causing the accident was the automobile protected by the terms of the bond. Under the express terms of their contract—as well as of the city ordinance—this being an essential element in the making of a case for the appellee against the bonding company, the omission necessitates a reversal of the recovery as to it."

As indicated above, the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause thereto for another trial upon the facts. See 229 S. W. 703.

[1] We think the Court of Civil Appeals erred in holding that there was no evidence authorizing either the court or jury to find that the particular car authorized to be used in this instance and covered by the bond sued upon was in fact being used at the time of the injury for which recovery was had. In fact, we are of the view that there was sufficient evidence in the record to support the trial court's judgment.

It is true that no one testified that the car in the collision bore the numbers mentioned in the bond. But we think the facts and circumstances in evidence were sufficient to identify the car as the one covered by the bond, and especially in view of the fact that there was no evidence offered to the contrary. No useful purpose could be subserved by quoting at length from the record in this connection, but we shall call attention to a few facts and circumstances which seem to us to sustain our conclusion upon the sufficiency of the evidence.

The bond covered an ordinary five-passenger Ford car which was to be operated as a South End jitney between 7 a. m. and 7 p. m. The ordinance also provided that the wind shield of the jitney should have a sign prominently painted thereon in large letters, etc.

There is much proof in the record that the car in the collision was a Ford operated by Banta; that it was being operated on the regular route of the South End jitneys when it turned off Travis street very suddenly, and almost at the same moment of time ran into Lilienthal's buggy; that the accident occurred about 6:40 p. m. within the regular time schedule; that the car in question had the "South End" jitney sign prominently displayed in the proper place. In the absence of any proof that Banta had two cars in the jitney service so labeled, we think above facts would be circumstances tending to show that the car covered by the bond was the one actually in the collision.

But above is not all. Two witnesses testified to the car as being the one Banta had always used in the jitney service, and he had been running a jitney only about a month or so since the issuance of the license and bond in suit. Both of these witnesses admitted that they did not know it was the same car, but they identified it according to their best judgment.

C. M. Dow, the first of these witnesses, testified:

"Mr. Banta had his Ford car there. I don't know what his occupation was at that time. I had not seen him there that day. I had seen him before I saw him there that morning. I had seen him engaged in the jitney business. Just before this accident on the South End line. It passed Calhoun on Travis coming in. That would be coming north at that point. I saw that jitney that I have seen him driving there that evening."

T. L. Lilienthal, the other witness, in this connection testified:

"I never spoke to him before that or saw him, except to ride in the jitney. I should say that this jitney which I saw standing there was the same jitney and the one I have ridden in on that route. It was a Ford. You cannot tell much difference about Fords, you know, but it was a Ford, though, he always drove. I should say it was the same jitney that he was driving all the time."

As showing the facts immediately preceding the accident, the plaintiff in the court below testified:

"I saw it was a South End jitney, and I held my horse up to let the street car and the jitney go by, and, instead of him going down Travis street, he cut right down in on top of me, right in towards me. The street car and the jitney were both traveling in the same direction on Travis street towards town."

Again the plaintiff testified:

"Then I seen the jitney. I seen the South End sign on his wind shield, and I thought I would stop and let him go on by. I thought he was going down Travis street on his route like he should, but instead he turned right off Travis street right into me."

[2] Although we think the Court of Civil Appeals erred in holding that there was no evidence identifying the car in question, we think the Supreme Court is without authority to affirm the judgment of the trial court. The Court of Civil Appeals did not enter final judgment rendering the case for the in-

demnity company, but remanded it for another trial upon the facts. Their finding that there was no evidence in the record to sustain the judgment of the trial court will be assumed to include a further and lesser finding that the judgment of the trial court was against the weight of the testimony. The latter finding would have authorized a remanding of the cause by the Court of Civil Appeals. A remanding for that reason would be binding upon the Supreme Court, involving purely a question of fact. The rules of law in that connection which we are following here have been stated by our Supreme Court in an opinion by Chief Justice Phillips in case of Tweed v. W. U. Tel. Co., 107 Tex. 247, 255, 166 S. W. 696, 177 S. W. 957. Under that authority and others it cites we must respect the remanding of this case by the Court of Civil Appeals and recommend that its action in that connection be affirmed.

[3] The indemnity company was not entitled to a peremptory instruction in its favor. If, as much of the testimony indicates, Banta was operating his car as a jitney driver on Travis street at the very time or just before he turned and ran into Lilienthal, the company is liable under its bond. We think the Court of Civil Appeals correctly disposed of the other matter it discussed.

We recommend that the judgment of the Court of Civil Appeals reversing the judgment of the trial court as to defendant in error and remanding the cause as to it to the district court for another trial be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.