## BOWER AUTO RENT CO. v. YOUNG.
### (No. 9350.)

(Court of Civil Appeals of Texas. Dallas.
May 23, 1925. Rehearing Denied June
27, 1925.)

**1. Carriers ⊂⇒314(2)—Allegations in petition held sufficiently definite to put defendants on notice of specific acts of negligence relied on.**

Petition alleging that defendants were common carriers of passengers for hire, that plaintiff was passenger in one of defendants' automobiles at time of injury and received her injuries because of gross negligence of driver in permitting automobile to run off road and be overturned, *held* sufficiently definite to put defendants on notice of specific acts of negligence relied on, and intended to be proven.

**2. Carriers ⊂⇒316(1)—Proof of negligence beyond proof of accident itself not required under doctrine of res ipsa loquitur.**

In action by passenger against common carrier, proof of negligence beyond accident itself is not required where vehicle connected with accident is at the time under management of defendant or its servants, and accident is of such nature as would not ordinarily happen if those in charge of vehicle had used proper care.

**3. Master and servant ⊂⇒302(1)—Acts of employé without scope of employment not binding on employer.**

Where an agent or employé departs from his agency and is acting wholly without scope of his employment, he ceases to be representative of his principal, and his acts are not binding on his employer.

**4. Carriers ⊂⇒4—Defendants carrying passengers in automobiles for hire held "common carriers."**

Defendants, engaged in business of carrying for hire, in automobiles controlled by their regularly employed drivers, all persons indifferently applying for such service, were in business of "common carriers" within meaning of law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Common Carrier.]

**5. Carriers ⊂⇒311 — Common carriers' duty to exercise high degree of care not avoided because fellow passenger had intoxicating liquor in his possession.**

Where plaintiff at time of injury was passenger in automobile of defendant common carrier, driven by its employé, defendants were legally bound to exercise high degree of care; and fact that another passenger had intoxicating liquor in his possession does not absolve defendants, on theory that automobile was hired for purpose of transporting intoxicating liquor, in violation of law.

**6. Trial ⊂⇒260(8)—Requested charge covered by main charge properly refused.**

Refusal of defendants' requested special charges on contributory negligence was not error, where court in its main charge fully submitted such issue.

**7. Negligence ⊂⇒89(1)—Negligence of driver of common conveyance and contributory negligence of passenger held not imputable to passenger's guest.**

Where plaintiff at time of injury was guest of passenger in automobile, driven by servant of defendant common carrier, negligence of chauffeur in driving automobile at excessive speed at request of such passenger, and latter's contributory negligence, if any, were not imputable to plaintiff.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by Loraine Crane Young by her next friend against the Bower Auto Rent Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Fouts & Patterson, of Houston, and Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Gresham & Willis, of Dallas, for appellee.

LOONEY, J. This suit for damages is based on the alleged failure of appellants, common carriers of passengers, to exercise towards appellee that high decree of care incident to the relation of carrier and passenger. The suit was originally brought by Mrs. E. L. Rawls, as next friend for Loraine Crane Young, for the alleged reason that, at the time of the filing of the suit, appellee was mentally deranged as the result of the injuries received in the accident complained of, but, in an amended petition, appellee alleged that she had sufficiently recovered from the derangement to justify dismissing her next friend and substituting herself as plaintiff, in which she joined pro forma James Lyday, to whom she was married after the suit was instituted.

The case was submitted to a jury on special issues, and on their verdict judgment for $25,500 was rendered in favor of appellee, from which appellants prosecute this appeal.

[1, 2] Appellants urged the proposition that the allegations of negligence in appellee's petition were vague, indefinite, and insufficient to put them on notice of the specific acts of negligence relied on and intended to be proven, and that the court erred in overruling their special exception calling attention to this vice in the petition. In the respect excepted to, the petition contains the following allegation: After alleging that plaintiff, on or about the 16th day of June, 1921, was a passenger in one of the defendant's automobiles, riding on the road known as the Fort Worth-Dallas pike, a public highway, over which, among other roads and streets in the city and county of Dallas and adjoining counties, the defendant commonly and ordinarily operated automobiles carrying passengers from city to city or location to location to any point within the state for

hire, she was seriously and permanently injured. The petition continues:

"Plaintiff would show to the court that while she was lawfully a passenger in defendant's automobile as aforesaid, and at a point on said pike near the Tarrant-Dallas county line, through the gross negligence and default of said defendant, its agents, servants, and employés, said automobile was caused, allowed, and permitted to run off the road and be thrown from said roadbed and the embankment thereof, upset and turned over, thereby hurling plaintiff, Mrs. Loraine Crane Lyday, with great force and violence against the ground and parts of said automobile and crushing her beneath said automobile, seriously, painfully, and permanently injuring her in her head, neck, right side, right arm, and right leg, and internally in her brain and nervous system, causing her great damage in the sum of $30,000."

Also the following allegations appear:

"Plaintiff would further show to the court that all of the injuries of which she complains were caused and occasioned by the defendant, its agents, servants, and employés, in failing to exercise that degree of care for the personal safety of plaintiff that common carriers of passengers are bound and obligated to exercise towards their passengers."

The court, in our opinion, did not err in overruling the special exceptions urged by appellants to the petition. Appellee alleged that appellants were common carriers of passengers for hire; that she was a passenger at the time the injury was received in one of their automobiles, and received her injuries on account of the gross negligence and default of the driver in allowing and permitting the automobile to run off the road and to be overturned, upset, etc. The Supreme Court of this state, in G., C. & S. F. Ry. v. Smith, 74 Tex. 276, 11 S. W. 1104, held allegations of negligence in substance the same as these good against a similar attack. To the same effect, see the following authorities: G., C. & S. F. Ry. Co. v. Wilson, 79 Tex. 371, 15 S. W. 280, 11 L. R. A. 486, 23 Am. St. Rep. 345; T. & P. Ry. Co. v. Stivers (Tex. Civ. App.) 211 S. W. 319; Doll & Sons v. Ribetti, 203 F. 593, 599, 121 C. C. A. 621; Ryan v. Gilmer, 2 Mont. 517, 25 Am. Rep. 744, 745; Farish & Co. v. Reigle, 11 Grat. (Va.) 697, 62 Am. Dec. 666, 669, 670.

The rule announced in these cases is based on the idea that, in actions of the nature of the one at bar, proof of negligence beyond proof of the accident itself is not required, where the vehicle or thing connected with the accident is at the time under the management of defendant or his servants, where it appears, as in the case under consideration, that the accident is of such a nature as would not ordinarily happen if those in charge of the vehicle had used proper care. In all such cases it is held that the transaction speaks for itself (res ipsa loquitur) and,

in the absence of an explanation by the defendant, proof of the accident itself is held sufficient to establish negligence. Appellants' contention that the court erred in not sustaining special exceptions to the plaintiff's petition is overruled.

Appellants make the further contention that appellee should not have been permitted to recover, and that a verdict should have been instructed in their favor, on the theory that the automobile and the driver, at the time of the accident, were being used for a purpose different from that agreed on in the contract of hiring—that it, for an unlawful purpose, to wit, the transportation of intoxicating liquor, contrary to appellants' instructions to drivers and in violation of law, state and Federal; that the driver was acting without the scope of his employment, and, at the time the car was ditched and the injuries received by the passengers, was acting as the agent and servant of the hirer.

[3] The court refused at the request of appellants, to instruct a verdict in their favor, but submitted the case on special issues, all of which were answered in favor of appellee, to the effect that the automobile left the road, turned over, resulting in the injury to appellee, and others, on account of the negligence of appellants' driver in charge of the car, and that this negligence was the proximate cause of the injuries to appellee, and also found, in response to an issue presented, that on the occasion in question appellee exercised ordinary care for her own safety. The proposition of law presented by appellants is well sustained by the authorities; that is, that, where an agent or an employé departs from his agency and is acting wholly without the scope of his employment, he ceases to be the representative of his principal, and consequently his acts are not binding on his employer (Christensen v. Christiansen [Tex. Civ. App.] 155 S. W. 995; Hemphill v. Romano [Tex. Civ. App.] 233 S. W. 125; De Voin v. Michigan Lumber Co., 64 Wis. 616, 25 N. W. 552, 54 Am. Rep. 649; Berry on Automobiles, § 138, p. 968), but, in our opinion, the rule is wholly inapplicable to the facts of this case.

The facts are that on the day in question Baker V. Wiley, of Huntsville, Tex., and T. H. Lively, of Whitewright, Tex., former acquaintances, met in the city of Dallas, and, after becoming more or less intoxicated, decided, to engage an automobile for the purpose of taking a "joy ride" with some women, and with this view Wiley hired an automobile from appellants and requested that one of their drivers with whom he was acquainted, to wit, Vance Bennett, should drive the car on the occasion. Lively invited appellee to be his companion on the trip, and Wiley secured a Mrs. Rolliter to be his guest. Appellee had never met either the driver of the car or Mr. Wiley prior to this occasion, and

had but a slight acquaintance with Mr. Lively.

The party left Dallas between 8 and 9 o'clock p. m. June 15, 1921, drove out through Oak Cliff on the Fort Worth pike to a point near either Arlington or Fort Worth, the witnesses differ as to this, where they turned, and were on the return trip, driving about 15 or 20 miles per hour. A car passed the party, and Wiley, who was, according to the evidence, considerably under the influence of liquor, insisted that the driver speed up, overtake and pass the car, which, in obedience to the request, the driver did. In a few minutes the car passed the party again and at this time Wiley became noisy, stood up in the seat, shouted at the passing car, urged and continued to urge the driver to overtake and get ahead of the car, and, in response to this urging, the driver speeded up to about 30 or 35 miles an hour in an effort to pass the car, and, while in the midst of this effort, a sharp curve in the road was reached, and, owing to the speed at which the car was traveling and the unexpectedness of the situation, the driver was unable to control the car, it left the roadway, overturned, the accident occurred in which Wiley was killed, Lively was seriously injured, and the plaintiff received the injuries of which she complains. Wiley made no attempt to take the wheel of the driver or to control the car in any way, other than to urge the driver to speed up and pass the car. On the trip, appellee and Lively occupied the rear seat of the car and Wiley, Mrs. Rolliter and the driver sat on the front seat. Appellee was the invited guest of Lively for the trip, was not acquainted with Wiley until she met him that evening, was ignorant that there was liquor in the car, or that it was the purpose of any one to carry liquor on the trip, until a stop was made in Oak Cliff as they were outward bound, when Wiley took from his pocket a small flask containing liquor and invited all the party to drink with him, which was declined by all except Lively. Appellee drank no liquor on this occasion, was sober, took no part in urging or insisting that the driver speed up and pass the car, in fact, said nothing to the driver either to encourage or discourage such effort on his part.

[4] The undisputed evidence shows that appellants were engaged in the business of carrying for hire, in their automobiles, controlled by their regularly employed drivers, all persons indifferently applying for such service, and hence were in the business of common carriers within the meaning of the law. Fidelity & Casualty Co. v. Joiner (Tex. Civ. App.) 178 S. W. 806, 809, 810; City Fuel Co. v. Torreyson, 145 Ark. 399, 224 S. W. 727; Terminal Taxicab Co. v. Kutz, 241 U. S. 252, 36 S. Ct. 583, 60 L. Ed. 984, Ann. Cas. 1916D, 765; Berry on Automobiles (2d Ed.) art. 741, p. 806; also article 887, p. 967.

[5] Appellee was a passenger at the time, for whose safety appellants, as common carriers, were legally bound to exercise a high degree of care, and this obligation cannot be escaped by reason of the fact that another passenger in the car had in his possession intoxicating liquors. The car was hired by Wiley for a pleasure trip for himself, Lively and the women, a perfectly legal purpose, and one for which appellants maintained their business and served the public indiscriminately.

The evidence does not support appellants' contention that the automobile was hired for an illegal purpose; that is, for the transportation of intoxicating liquor in violation of law. The fact that Wiley carried a small flask of liquor from which he and Lively drank was an incident to and not the purpose of the trip.

[6] Appellants also present for our revision the action of the court in refusing special charges requested on the alleged contributory negligence of appellee. In our opinion the evidence fails to raise the issue of contributory negligence on the part of appellee, but, if in this we are mistaken, a complete answer to appellants' contention is that the court in its main charge submitted that issue in as satisfactory form as was requested by appellant and the answer of the jury completely exculpated appellee from the charge.

It must be remembered that appellee was the guest of Mr. Lively; she said nothing and did nothing calculated to bring injury on herself. The accident was unquestionably the result of the negligence of the chauffeur in driving the car, in response to the foolish request of Wiley, at a dangerous and excessive rate of speed in an effort to overhaul and pass the car that had just passed the party. If it could be said that Mr. Wiley was guilty of negligence contributing to the accident, his negligence cannot be imputed to appellee. In truth, it was the duty of the driver of the car to have protected appellee from the heedless conduct of Wiley, a fellow passenger, instead of complying with his senseless request.

The decisions of our courts are uniform in holding that one riding as a guest of another in a vehicle over which he has no control is not chargeable with the contributory negligence of the driver. This being the established rule, how much less could it be said that a passenger is chargeable with the contributory negligence of a fellow passenger. Galveston Ry. Co. v. Kutac, 72 Tex. 643, 11 S. W. 127; G. C. & S. A. Ry. Co. v. Kutac, 76 Tex. 473, 13 S. W. 327; Central Texas & N. W. R. Co. v. Gibson (Tex. Civ. App.) 83 S. W. 862; Routledge v. Rambler Auto Co. (Tex. Civ. App.) 95 S. W. 749.

[7] Therefore the contention of appellants that the court erred in refusing its special

charges on the issue of contributory negligence is overruled.

In view of what has been said, it will not be necessary, in our opinion, to discuss the other propositions urged by appellants.

We have carefully considered all assignments and propositions, and, because no reversible error is presented, the judgment of the court below is affirmed.

Affirmed.