### RIO GRANDE VALLEY TELEPHONE CO. et al. v. HOCUT et al.

#### No. 3338.

Court of Civil Appeals of Texas. El Paso.

March 19, 1936.

Rehearing Denied April 2, 1936.

C. C. English, of Dallas, Oliver C. Aldrich, of Edinburg, T. M. West, Nat. L. Hardy, and Otis Collins, all of San Antonio, and W. J. Ahearn, of New York City, for appellants.

Walter Groce, Eskridge & Groce, and Hull & Oliver, all of San Antonio, and Strickland, Ewers & Wilkins, of Edinburg, for appellees.

WALTHALL, Justice.

This suit was brought by Mrs. Maud Hocut, individually, and as guardian of her minor child, Janice, being respectively the surviving wife and daughter of John Hocut, deceased, and Joe H. Hocut, father of John Hocut, as plaintiffs. The suit is brought against the Rio Grande Valley Telephone Company, defendant, for exemplary damages for alleged gross negligence of the defendant in causing the death of John Hocut. Plaintiffs allege that they have sustained actual damages, but, owing to the fact that at the time of the accident causing the death of John Hocut the defendant was a subscriber under the Workmen's Compensation Law of this state (Vernon's Ann. Civ.St. art. 8306 et seq.) and carried workmen's compensation with the Great American Indemnity Company, they may not recover from defendant their actual damages for the death of John Hocut, but that, by reason of the gross character of the negligence of the defendant, as alleged, plaintiffs are entitled to recover of it exemplary damages, for which they sue.

On the issues joined in the pleading and submitted to a jury on special issues the jury found substantially: The telephone company shortly prior to the accident had reason to believe that there existed a hazardous light wire condition in the alley in which the accident occurred; it was gross negligence for the defendant to fail to warn Hocut of such hazardous condition; such gross negligence was the proximate cause of said accident; it was gross negligence on the part of defendant to fail to discover the dangerously charged condition of the telephone wires prior to the accident; such gross negligence was the proximate cause of the accident; the negligence of the General Power & Light Company in allowing the service line to sag on the telephone wires was not the sole and proximate cause of the accident; Hocut did not assume the risk incident to the danger from the charged telephone wires; Hocut did not fail to use ordinary care to avoid coming in contact with said charged wires; the actual damages sustained by plaintiffs was $25,000 each, or a total of $50,000, and that the jury assessed exemplary damages in the sum of $9,000 to Mrs. Maud Hocut and $8,000 to Janice Hocut, a total of $17,000, and an aggregate finding of damages both actual and exemplary of $67,000.

Upon the verdict as returned the court rendered judgment in favor of plaintiffs for $17,000 exemplary damages against the Rio Grande Valley Telephone Company. After the verdict was rendered, plaintiffs filed a verified motion, accompanied by a certified copy of the policy of insurance, setting forth the fact that the Great American Indemnity Company by a workmen's compensation insurance policy agreed to indemnify the Rio Grande Valley Telephone Company against liability in this suit, and in the motion asked judgment against the Rio Grande Valley Company and the Great American Indemnity Company.

Judgment was rendered against both of said companies as asked in the motion.

In due time the Rio Grande Valley Telephone Company filed and presented its amended motion for a new trial, which was overruled, and said company appeals.

The Great American Indemnity Company has also filed its separate appeal.

## Opinion.

Appellant Rio Grande Valley Telephone Company submits that the court was in error in submitting the case to the jury, and in not granting its peremptory instruction as submitted, for the reason that the burden being upon appellees to show that appellant had committed some act or acts from which it could be reasonably inferred that appellant had been guilty of such entire want of care as to show that the act or omission complained of as causing the death of Hocut was the result of "a conscious indifference to the rights or welfare of Hocut," and that the evidence failed to show such facts.

After stating that Hocut was an employee of appellant as a lineman and the circumstances under which he was working at the time of his death, appellees' petition alleged that the death of Hocut was caused by the gross negligence of appellant in the following particulars as in the petition, then stated that the negligent acts charged were wanton and evidenced an entire disregard for the safety of their employees, and a failure to use any care whatever, and was gross negligence, and which wantonness and gross negligence directly and proximately caused the death of Hocut.

The court instructed the jury that by the term "gross negligence," as used in the charge, is meant "the failure to exercise any care."

While working on a telephone pole of appellant in an alley in the town of Alamo, Hocut came in contact with a charged wire and was killed. At that time J. C. Paxton was general manager of the appellant telephone company; P. D. Frisby was plant superintendent for appellant for the valley, and, at the time of the matters involved here, was the company engineer. A. L. Corder was the appellant's foreman in charge of the crew that Hocut was working with as lineman at the time he was killed.

The evidence is too voluminous to quote here. Mr. Frisby testified that he knew they were having trouble; that there were three alleys at Alamo in bad condition, a bad light wire condition, and had been for three or more years; that he had had it up with the Central Power & Light Company repeatedly. The Power & Light Company, some twelve months or so before the Hocut accident, had replaced the poles in that alley with new higher poles, but the higher poles raised their wires for the time being, but there were no braces or guides placed on them, and they just gradually poled over. Frisby, the morning of the accident, had discussed the condition at Alamo with Corder. Corder testified that he had discussed with Frisby the fact that some of the alleys he had to work were in a dangerous condition.

"Question: Did you have the conversation that morning with Mr. Frisby about hot wires out there? Answer: Yes, sir, we discussed the condition of the town in general and the Light Company.

"Question: Particularly with reference to there being hot wires out there where you all were going to work? Answer: Yes, sir."

Corder testified that he did not test the wires to see whether they had electricity on them by any of the ways of testing them, nor did he tell any one else to test them.

Some of the linemen with Hocut testified that no one had told them of any danger about that particular location, as to any wires being charged; that all the safety rules they knew anything about was to look out for themselves. Without stating the evidence further, we have reviewed it and have concluded that it is sufficient to sustain the jury's findings on the issues submitted. The evidence, we think, is sufficient to show that some of appellants' service lines were in contact with the telephone lines in the alley where Hocut was at work, at a distance of some 1,000 feet from where Hocut met his death, and some 300 or 400 feet from the end of the work order, and that Hocut's death was caused by coming in contact with the telephone lines which were charged with electricity to the extent of some 110 volts transmitted by the sagging service lines of the power company. Appellants' servants in charge of the work in the alleys, according to their evidence, knew of the dangerous and hazardous conditions, but said nothing to the linemen of such conditions, and themselves made no inspection of the lines beyond the work order.

Appellants submit that the definition of gross negligence, given by the trial court,

"the failure to exercise any care," being wholly passive negligence, was not only inadequate but was misleading and erroneous in instructing the jury that they could find gross negligence from merely passive or negative circumstances.

Appellants objected to the definition of gross negligence given, in that it fails to include the element of wanton or intentional act, and fails to include the element of conscious indifference to the rights or welfare of other persons, and fails to include the element of reckless and willful disregard of the rights of others. Appellants tendered a charge reading: "Gross negligence is the entire want of care which would raise the belief that the act of omission complained of was the result of conscious indifference to the rights or welfare of the person or persons to be affected by it."

Under this proposition appellant refers us to the following: Texas Pac. Coal & Oil Co. v. Robertson (Tex.Sup.) 79 S.W. (2d) 830, 98 A.L.R. 262; Missouri Pac. R. Co. v. Shuford, 72 Tex. 165, 10 S.W. .408; Tracey v. Wichita Ice Co. (Tex.Civ. App.) 30 S.W.(2d) 673; Magnolia Petroleum Co. v. Ford (Tex.Civ.App.) 14 S.W. (2d) 97; Southern Cotton Press & Mfg. Co. v. Bradley, 52 Tex. 587, 600; Robertson v. Magnolia Petroleum Co. (Tex.Civ.App.) 255 S.W. 223; Fort Worth Elevator Co. v. Russell (Tex.Civ.App.) 28 S.W.(2d) 320; Id., 123 Tex. 128, 70 S.W.(2d) 397.

The definition tendered is taken literally from the definition given by Judge Stayton in Missouri Pac. R. Co. v. Shuford, supra.

■ We concur in appellant's proposition that the definition given by the court of the term "gross negligence" was error, in that it did not submit to the jury whether the want of care complained of was the result of conscious indifference to the rights or welfare of the person or persons to be affected by it.

■ As said by Judge Smedley, in Texas Pacific Coal & Oil Company v. Robertson et al. (Tex. Sup.) 79 S.W.(2d) 830, 831, 98 A.L.R. 262, in referring to the definition of gross negligence given in the Missouri Pacific Ry. Co. v. Shuford Case, and similar definitions given in other cases, stated: "Gross negligence is positive or affirmative, rather than merely passive or negative as ordinary negligence often, and perhaps usually, is. As said in the discussion in Ruling Case Law of the right to recover exemplary damages for gross negligence: "The rule is that recovery is permitted, in,

and confined to, cases where the negligence is wilful, or where it is so gross as to indicate wantonness or malice.' 8 R.C.L., p. 590. Mere indifference is not enough. The indifference must be conscious. The indifference is to the rights or welfare of the person or persons who may be affected by the act or omission. Thus the doctrine of foreseeableness becomes important."

■ Frisby and Corder were corporate officers of appellant, and were directing the work to be done by Hocut at that time and place, and they are the ones to whom the question of conscious indifference would directly apply. The question "conscious indifference" is one of fact to be determined by the jury under the evidence, and under the definition of gross negligence adopted by our courts the fact of conscious indifference is not submitted in the charge given in this case.

We need not discuss other propositions submitted.

■ In the matter of the judgment against appellant Great American Insurance Company, the record shows that appellant was not sued, was never made a party defendant in the case, but that appellees, by a motion, undertook to make appellant a party defendant in the case after judgment had been rendered in favor of appellees against the appellant Rio Grande Telephone Company, on the ground, as stated in the motion; that appellees had been awarded exemplary damages, stating the amount, growing out of the injury and death of Hocut, and that in the suit the attorney for the Great American Indemnity Company took over the defense, examined and cross-examined witnesses, argued to the jury, and participated in the trial as fully as if appellant indemnity company had been a party to the suit, and asked judgment against appellant. The judgment recites practically the above facts stated in the motion. The judgment further states that the suit was defended by appellant under an obligation imposed upon it by the workmen's compensation laws and under its policy of workmen's insurance then in force. The court entered judgment jointly and severally against both appellants for the amount of damages found.

There is no statement in the record that appellant indemnity company waived citation or answered to the suit or entered its appearance in the suit.

We are not advised of the provisions of the contract policy, nor is it found in the

record. Any policy that appellant may have given pertaining to the matters here involved would necessarily be contractual, and its liability would depend upon the provisions of its policy. However that may be, to have any character of judgment against appellant insurance company, a suit against appellant is necessary; appellant must be gotten into the suit and in to the court by some method known to the law, otherwise the court would have no jurisdiction over the person to enter judgment.

The case against the Rio Grande Valley Telephone Company is reversed and remanded; the judgment against the Great American Indemnity Company is reversed and the proceedings as to it dismissed.

Reversed and remanded in part, and reversed and dismissed in part.