Alvie ADAMS and Billy Adams, Executors, et al., Appellants,

v.

Billie Jean McHAM et al., Appellees.

No. 6741.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 3, 1958.

Rehearing Denied March 3, 1958.

See, also, 289 S.W.2d 319.

Crenshaw, Dupree & Milam, Lubbock, Lloyd A. Wicks, Sr., Ralls, for appellants.

Conner & Walker, Spur, W. P. Walker, Crosbyton, John B. Stapleton, Floydada, for appellees.

NORTHCUTT, Justice.

This appeal is from the Seventy-Second District Court of Crosby County, Texas, in a death action. Billie Jean McHam, a widow; Leona Jean McHam, a minor; Jerry Don McHam, a minor; Paula Gail McHam, a minor; R. L. McHam, Sr. and Minnie Pearl McHam, all as plaintiffs brought this suit against Alvie Adams and Billy Adams as executors of the last will and testament of Butler Adams, deceased, and Mary Ann Adams, individually and as the qualified community survivor of the community estate of the said Mary Ann Adams and James Adams, deceased, to recover damages for the death of R. L. Mc-Ham Jr., deceased, resulting from an automobile accident. Billie Jean McHam was the surviving widow of R. L. McHam Jr.

and the three minors were the surviving children of R. L. McHam Jr. R. L. McHam and Minnie Pearl McHam were the surviving parents of R. L. McHam Jr.

Plaintiffs alleged the car in question being driven by James Adams on October 6, 1954, was owned by and the property of Butler Adams who was riding therein and the same was being driven by the said James Adams for the benefit of the said Butler Adams and subject to the control and direction of the said Butler Adams and as agent, servant and employee of said Butler Adams. Further pleading that R. L. McHam Jr. was a guest of the said Butler Adams or the said James Adams or both on the occasion in question and was riding in the Adams automobile because of the invitation of the said Butler Adams or the said James Adams or both to accompany them on a fishing trip. Plaintiffs pleaded such facts as to bring the case within the provisions of the Guest Statute, Article 6701b. It was stipulated that Butler Adams owned the car in question.

In reply to the Special Issues submitted by the court, the jury found: James Adams was driving the car at the time of the collision; that the driver of the car was driving the same at an excessive rate of speed under the circumstances and conditions that existed on the highway; that immediately prior to the collision the driver was driving at such high rate of speed that he could not stop the same within the range of his vision down the highway; that the driver of the car attempted to pass a truck at a time when the fog was so dense that he could not determine whether or not other vehicles were approaching on said highway from the opposite direction; that the driver of the car attempted to pass the truck when he did not have sufficient time to get around it before reaching the truck proceeding in the opposite direction, and then found all these matters combined together constituted heedless and reckless disregard of the rights of others. The jury found that each of these matters constituted heedless and reckless disregard of the rights of others,

and each was a proximate cause of the collision in question. The jury also found it was not an unavoidable accident, and assessed the damages at $7,000 for Billie Jean McHam and a like amount for each of the minors, and $1,000 each for R. L. McHam and Minnie Pearl McHam. The trial court rendered judgment for the plaintiffs upon the findings of the jury and from this judgment the defendants perfected this appeal.

By appellants' first five points of error they insist that there is no evidence raising gross negligence and that the trial court should not have submitted the case to the jury because appellees failed to raise a fact question as to whether James Adams was guilty of heedless and reckless disregard of the rights and safety of others. Point six and seven contends there was insufficient evidence to show gross negligence. Of course, if, in the trial of a case, the evidence only raises the question of ordinary negligence it is not sufficient for recovery under Article 6701b, but gross negligence must be shown. The rule seems to be well-settled in this state as to what must be shown to come within the Guest Statute. Rogers v. Blake, 150 Tex. 373, 240 S.W.2d 1001, 1004 and the cases there cited, where it is stated:

"From this unbroken line of decisions, it is now the settled law of this state that momentary thoughtlessness, inadvertence, or error of judgment do not constitute 'heedlessness or reckless disregard of the rights of others' within the meaning of this statute; there must be something in the nature·of a continued or persistent course of action; such acts as to constitute wanton misconduct or gross negligence."

In determining what constitutes heedlessness or reckless disregard of the rights of others the facts of each case must be considered, since each case must to a large extent stand on its own bottom, and decide cases are of little aid in resolving this question. In determining under the facts of

this case whether such acts constitute gross negligence, we think it should be determined whether the evidence showed such heedless and reckless disregard of the rights of others as to be shocking to reasonable men. Without attempting to quote all the evidence given herein, we think the evidence ample to show a continued or persistent course of action to show gross negligence.

It is undisputed at the time and place of the accident in question and just prior thereto, there was a truck proceeding east, the same direction the Adams car was traveling, and another truck was proceeding west meeting the east bound truck, and when the two trucks were about fifty feet apart the Adams car whipped from behind the truck going east and the collision happened immediately. The testimony shows that it was foggy weather at the time of the accident and that visibility was about 100 yards, provided a car approaching had its lights burning. But if the lights were not burning then it would be less than 100 yards. There was testimony that a short time before the accident the Adams car was traveling at a speed of from 65 to 80 miles per hour. If all these facts were true, and we think the jury found they were, we believe this sufficient to show gross negligence. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194. Appellants' first seven points of error are overruled.

■ By appellants' eighth assignment of error they complain of the trial court instructing the jury that in determining whether or not an act or omission, if any, is heedless and reckless disregard of the rights of others, they had the right to consider all of the facts and circumstances, if any, in evidence present at the time and place in question. We do not believe by the court saying "if any" that any particular evidence is called to the attention of the jury. That is nothing more than the court saying "I am not saying there is any evidence, but if there is you may consider it." Where the courts have construed that there must be something in the nature of a continued or persistent course of action to constitute wanton misconduct or gross negligence, we think the jury would want to consider all the facts in determining whether it was a continuous or persistent thing the driver of the car was doing. Appellants' eighth assignment of error is overruled.

■ In considering appellants' ninth and tenth assignments of error to the effect that there was no evidence that the driver of the automobile was driving it at such a rate of speed he could not stop it within the range of his vision, and also their contention that there was no evidence that the driver attempted to pass the eastbound truck just before the collision, when he whipped out from behind the truck that was going east and drove into the lane used for westbound traffic, and did not stop when the truck proceeding west was within fifty feet of the eastbound truck, we think the evidence supports all these issues on which they assert there was no evidence. Appellants' ninth and tenth assignments of error are overruled. What we have said before we think disposes of appellants' eleventh assignment of error and the same is overruled.

Judgment of the trial court is affirmed.