Ruby Lee MONTGOMERY, Appellant,

v.

Rex M. CAMPBELL, Appellee.

No. 14005.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 21, 1962.

Rehearing Denied Dec. 12, 1962.

John J. Pichinson, Wm. Brode Mobley, Jr., Corpus Christi, for appellant.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellee.

BARROW, Justice.

This is a suit for damages for personal injuries sustained in a one-car accident by appellant, Ruby Lee Montgomery, while riding as a gratuitous guest of appellee, Rex M. Campbell. The jury found that Campbell was grossly negligent in operating his vehicle at an excessive rate of speed and that Mrs. Montgomery was contributorily negligent in failing to protest this speed. Each party's negligence was found to be a proximate cause. Both parties filed motion for judgment non obstante veredicto, and Campbell also sought judgment on the verdict. The trial court rendered judgment that Mrs. Montgomery take nothing by her suit.

Appellant asserts that there was sufficient evidence to support the jury's finding of gross negligence, and that, as a matter of law, she was under no duty to protest Camp-

bell's driving in view of her testimony that she was asleep. The accident occurred on U. S. Highway No. 59, about nine miles west of Victoria, Texas, when the vehicle failed to negotiate a curve into a detour and hurdled out into a field adjoining the detour. Campbell did not testify, and Mrs. Montgomery testified that she dozed off when they left Victoria and did not awaken until immediately prior to the accident. The only other witness concerning the accident was the State highway patrolman who went to the scene about an hour after the accident. From the physical facts observed at the scene, the patrolman testified, without objection, that Campbell's vehicle was travelling at a rate of speed in excess of seventy miles per hour at the time of the accident. Campbell and Mrs. Montgomery were on a date which began at her home in Sinton about 2:00 o'clock on the afternoon preceding the accident. They drove to Victoria and arrived there about 8:00 p. m. They spent the evening with friends in two establishments, and Mrs. Montgomery testified that each had three beers during the evening. The last establishment was located on Highway No. 59, at the west edge of Victoria. Mrs. Montgomery testified that upon leaving this place, she put her head back on the auto seat and dozed. There was no indication of any improper driving by Campbell. She was awakened by Campbell's application of the brakes and his warning of the imminent wreck. The patrolman gave evidence from which the jury could have inferred that Mrs. Montgomery was not asleep. The nine miles travelled after leaving Victoria was under construction, and although portions of the highway were surfaced, there were three or four detours off the main highway, similar to the one where the accident occurred.

■ This suit was brought under the "Guest Statute" and there can be no liability upon Campbell "unless such accident shall have been intentional" on his part, "or caused by his heedlessness or his reckless disregard of the rights of others." Art. 6701b, Vernon's Tex.Civ.Stats. This may be shown by a continued or persistent course of conduct evidencing an entire want of care resulting from a realization of danger to the rights of others and a conscious indifference to such rights, safety and welfare of the persons affected. Bernal v. Seitt, 158 Tex. 521, 313 S.W.2d 520; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571. It may also be established by evidence of an act of such quality or kind of conduct as to show that the driver was consciously indifferent to the rights or welfare of his passenger as well as others. Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820; Adams v. McHam, Tex.Civ.App., 310 S.W. 2d 145, ref. n. r. e.

■ Mrs. Montgomery asserts that gross negligence is shown by the high speed on a road which was under construction. There was no evidence, however, that Campbell had driven at this speed for any length of time and, in fact, the evidence established the contrary. In the short period after leaving Victoria, Mrs. Montgomery dozed off and was not disturbed by any difficulty in negotiating the first three or four detours. The patrolman testified that these detours could not have been negotiated at a high rate of speed. We do not see in this case the quality of shocking conduct necessary to demonstrate gross negligence, by the lone act of failing to negotiate the curve of the detour. Campbell had negotiated all previous detours without difficulty, the visibility was good and the traffic very light. He tried to control his vehicle on seeing the warnings for the detour. These circumstances do not demonstrate conscious indifference. All the evidence established was an act of momentary thoughtlessness, inadvertence or error of judgment which would not constitute gross negligence under the above authorities. Mrs. Montgomery failed to meet her burden of establishing gross negligence and the trial court correctly entered judgment for Campbell.

The judgment is affirmed.