**Ray BARRINGTON, Appellant,**

v.

**Robert Earl ADAMS, Appellee.**

**No. 4049.**

Court of Civil Appeals of Texas.

Eastland.

May 13, 1966.

Rehearing Denied June 3, 1966.

Bryant, Glenn & Thomas, Allen Glenn, Abilene, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, John P. Camp, Abilene, for appellee.

WALTER, Justice.

Ray Barrington filed suit against Winters Construction Company, R. A. Long and Robert E. Adams for the wrongful death of his wife resulting from an automobile collision. The suit against Robert Earl Adams was severed from the plaintiff's suit against the other parties. On April 22, 1965, Adams, his sister and Mrs. Ray Barrington were on their way to San Angelo to a funeral at the time of the unfortunate collision. They were traveling in Mr. Adams' 1963 Falcon. Mrs. Barrington was riding in Mr. Adams' car as his guest. She was killed as a result of the collision. Her husband filed suit against Adams and alleged that, Adams was driving his automobile in heedless and reckless disregard of the rights and safety of others in that he failed to keep a proper lookout; was driving on his left hand side of the highway; failed to apply his brakes; failed to turn to his right and turned to the left into a pickup.

Adams' motion for a summary judgment was granted and Barrington has appealed. He contends that when we consider the record in the light most favorable to him we should find that there was a material disputed fact issue relating to Adams' gross negligence under Article 6701b, Vernon's Ann.Civ.St.

In Great American Reserve Insurance Company v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, at page 46 (Sup.Ct. 1965) the court said:

"This is a summary judgment case; and in answering the above question, we must follow certain rules laid down by this Court. Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l. Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup.1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954)."

Adams was proceeding South on the highway between Tuscola and Ovalo. R. A. Long was proceeding in the opposite direction in a Chevrolet pickup. Mrs. Wyche, driving a Lincoln, while proceeding south on the highway noticed Long's pickup coming over a rise in the road and looked in her rear view mirror and noticed Adams' car behind her. He was straddling the center line when she first saw him and was about one half mile behind her. She then pulled over on the improved shoulder of the highway, which left practically all of the right hand lane clear. She slowed down to about forty miles per hour "when he got up there to me, thinking he would go around." Instead of going around her, Adams slowed down and drove alongside Mrs. Wyche. During this time the Long pickup had pulled over as far as possible on his side of the road. After Long pulled over to his side of the road and Mrs. Wyche was on the shoulder on her side, Mrs. Wyche thought they could all get by and she paid no more attention to Long. After Adams had pulled up alongside Mrs. Wyche, he suddenly turned to his left into Long's pickup. Adams was on his left hand side of the road, traveling about 55 or 60 miles per hour, when he saw the pickup. Adams did not see the pickup

until he was right on it and he "hit the foot-feed and tried to go to the borrow ditch on the left." Long first saw Adams when Adams was about sixty feet away driving across the highway in Long's lane. Long neither turned left nor right and did not apply his brakes. He said, "Well, the only thing that I know, I just froze to the wheel, and I tried to hold it straight to keep from going into a skid."

Appellant says: "In the present case, we have several circumstances which positively point toward conscious indifference by Robert Earl Adams to the safety of others, i. e. his persistence in driving astraddle the center line on a known busy highway; driving up beside the Wyche vehicle going his same direction and slowing down and pacing it; passing the Wyche vehicle when another vehicle was in the other lane in plain sight in broad, open daylight; in refusing or persistently failing to look down the highway to see if it was clear of traffic; and finally in turning to the left instead of the right (where he had room to avoid the collision) thereby turning the Adams vehicle so as to expose his guest, Rosalie Barrington, to sudden death."

█ Under the pleadings there can be no liability against Adams unless Mrs. Barrington's death was caused by his heedlessness or reckless disregard of the rights of others.

"This may be shown by a continued or persistent course of conduct evidencing an entire want of care resulting from a realization of danger to the rights of others and a conscious indifference to such rights, safety and welfare of the persons affected. Bernal v. Seitt, 158 Tex. 521, 313 S.W.2d 520; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Bowman v. Puckett, 144 Tex. 125, 188 S.W.2d 571. It may also be established by evidence of an act of such quality or kind of conduct as to show that the driver was consciously indifferent to the rights or welfare of his passenger as well as others. Fancher v. Cadwell, 159 Tex. 8, 314 S.W.2d 820; Adams v. McHam, Tex.

Civ.App., 310 S.W.2d 145, ref. n. r. e." Montgomery v. Campbell, 362 S.W.2d 658 (Tex.Civ.App., 1962, writ ref. n. r. e.).

One of the cases relied upon by appellant in support of his contentions is Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952). In Sheffield Div. Armco Steel Corp. v. Jones, 376 S.W.2d 825, (Sup.Ct. 1964), the court said:

"The court in that case refers to our decision in Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, and says we there held 'that a combination of acts of ordinary negligence may, under certain circumstances, amount to gross negligence.' The opinion does not stand for that proposition."

In Bullock v. Atlantic Refining Company, 289 S.W.2d 618 (Tex.Civ.App.1956, writ ref.). Chief Justice Hamilton said:

"Appellants rely principally on the case of Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 195. We will not review the facts in that case, but suffice it to say that the court found some evidence that there was a continued and persistent course of conduct on the part of the driver of the automobile, with realization of the danger involved, sufficient to raise a jury issue of a conscious indifference to the rights of his guests."

The cases relied upon by appellant are distinguishable from the facts in this case. In Burt v. Lochausen, the court said:

"There are certain facts which show only momentary thoughtlessness, inadvertence, or error of judgment alone, or show only ordinary negligence which, as a matter of law does not constitute gross negligence."

█ We hold that the facts presented show only ordinary negligence and, as a matter of law, do not constitute gross negligence under the guest statute.

The judgment is affirmed.